**INTERNATIONAL ORGANIZATION OF MASTERS, MATES & PILOTS,**
Plaintiff-Appellee,

v.

**TRINIDAD CORPORATION,**
Defendant-Appellant.

**No. 1476, Docket 86–7180.**

United States Court of Appeals,
Second Circuit.

Argued Aug. 13, 1986.

Decided Oct. 14, 1986.

Seymour M. Waldman, New York City (Vladeck, Waldman, Elias & Engelhard, P.C., New York City, Patricia McConnell, New York City, of counsel) for plaintiff-appellee.

Peter Chatilovicz, New York City (Seyfarth, Shaw, Fairweather & Geraldson, New York City, Reginald E. Jones and Ronald A. Lindsay, New York City, of counsel) for defendant-appellant.

Before PRATT and MINER, Circuit Judges, and RE, Chief Judge, U.S. Court of International Trade, sitting by designation.

MINER, Circuit Judge:

Trinidad Corporation ("Trinidad") appeals from an order of the United States District Court for the Southern District of New York (Knapp, J.) enforcing an arbitrator's award of damages to the International Organization of Masters, Mates & Pilots ("MM & P") for Trinidad's failure to apply the provisions of its collective bargaining agreement with MM & P to its affiliate, Crest Corporation ("Crest"), as required by section V.1 of that agreement. Trinidad contends that enforcement of the arbitrator's contractual award would violate sections 8(b)(1)(A), 8(b)(1)(B) and 8(b)(2) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 158(b)(1)(A), 158(b)(1)(B), 158(b)(2) (1982). For the reasons set forth below, we reverse the district court's order and remand the matter for further proceedings, including a stay of the action pending resolution of the unfair labor practice charges related to this action filed against MM & P before the National Labor Relations Board ("NLRB").

## I. BACKGROUND

Trinidad is a Delaware corporation that owns and operates United States flag ocean-going vessels. MM & P is a labor organization that for many years has represented the licensed deck officers employed on Trinidad vessels. The last collective bargaining agreement between the parties became effective in June of 1981 and expired in June of 1984. Section V.1 of that agreement provided that its terms covered all licensed deck officers employed on vessels "owned, operated or bareboat chartered ... by [Trinidad] *or any of its subsidiaries or affiliates.*" Joint App. at 25 (emphasis supplied).

Several months prior to the effective date of the last collective bargaining agreement, Trinidad was acquired by Apex Shipping, Inc., a subsidiary of Apex Holding Company, which in turn is a subsidiary of Apex Oil Company. In September of 1982, the Apex conglomerate formed two new wholly-owned subsidiaries, Clayton Tankers, Inc. ("Clayton") and Crest. Clayton was formed for the purpose of acquiring and owning U.S. flag ocean-going vessels and Crest was formed for the purpose of operating those vessels. As such, Crest became the employer of all officers and crew members working on the vessels acquired by Clayton.

Despite the provision in the collective bargaining agreement between Trinidad and MM & P, Crest did not employ any MM & P deck officers on Clayton vessels, but rather entered into a new collective bargaining agreement with the Crest Tanker Officers' Association ("CTOA"). The new agreement provided that CTOA would be the exclusive bargaining agent for Crest's licensed deck officers. On February 8, 1984, pursuant to a contractual arbitration clause in its collective bargaining agree-

ment with Trinidad, MM & P filed a grievance against Trinidad alleging that it had breached its collective bargaining agreement with MM & P by failing to apply its provisions to the licensed deck officers of Trinidad's affiliate, Crest.

An arbitration hearing was held in which Trinidad and MM & P, but not Crest, were represented. On August 10, 1984, the arbitrator issued his award, finding that Crest was an affiliate of Trinidad within the meaning of section V.1 of the collective bargaining agreement and, consequently, that Trinidad's failure to apply that agreement to Crest constituted a violation of the terms of the agreement. The arbitrator thus awarded damages to MM & P in the following manner:

> 2. Trinidad Corporation shall forthwith pay to MM & P, for the benefit of its members who have lost work on ships owned or operated by Crest and Clayton as a result of the above violation, a sum equal to the wages a full complement of licensed deck officers would have earned had they been employed on such vessels from the time those vessels were acquired or operated by Crest and Clayton until the expiration of Trinidad's collective bargaining contract with MM & P.
>
> 3. Trinidad Corporation shall pay to the appropriate MM & P Benefit Plan amounts equal to the contributions which would have been paid under the Agreement under the circumstances set forth in Item 2.

Joint App. at 94.

Within days following the arbitrator's decision, MM & P petitioned the district court under section 9 of the United States Arbitration Act, 9 U.S.C. § 9 (1982), to confirm the award. Trinidad cross-petitioned to vacate the award, alleging that enforcement of the award would be contrary to public policy as it would require Crest to violate federal labor law. In this regard, several days prior to filing its petition, Trinidad also filed unfair labor practice charges with the NLRB against MM & P. Trinidad alleged that MM & P's attempt to apply the provisions of its collective bargaining

agreement to Crest violated sections 8(b)(1)(A) and 8(b)(2) of the NLRA, which prohibit an employer or labor organization from interfering with the statutory rights of employees and from discriminating against such employees on the basis of their union affiliation. 29 U.S.C. §§ 158(b)(1)(A), 158(b)(2). In addition, Trinidad asserted that MM & P's conduct impinged upon the rights of Crest, the employer, to select the grievance handling supervisors, *i.e.*, licensed deck officers, of its choice, in violation of section 8(b)(1)(B) of the NLRA. In sum, Trinidad contended, and still contends, that, regardless of the terms of the collective bargaining agreement, application of that agreement to Crest would violate the NLRA unless Crest and Trinidad could be considered a single employer or Trinidad considered the "alter ego" of Crest. *See Carpenters' Local Union No. 1478 v. Stevens*, 743 F.2d 1271, 1277 (9th Cir.1984), *cert. denied*, 471 U.S. 1015, 105 S.Ct. 2018, 85 L.Ed.2d 300 (1985). Accordingly, Trinidad asserted that any damages award against it for its failure to apply the agreement to Crest necessarily would be inconsistent with federal labor law.

The district court initially held the action in abeyance pending resolution of the unfair labor practice charges before the NLRA. On October 22, 1985, the Regional Director of the NLRB for Region 5 informed the parties that the NLRB would not issue an unfair labor practice complaint against MM & P. In his letter to Trinidad, the Regional Director noted that "MM & P's sole conduct was a resort to grievance-arbitration and to court in a good-faith effort to enforce its contract, and in furtherance of at least a colorable claim that Trinidad violated the 'subsidiaries and affiliates' clause of the then existing labor contract." Joint App. at 264. To this end, the Director found that "MM & P's resort to grievance-arbitration and to court, for the purpose of collecting monetary damages to recompense a past breach of contract, does not constitute 'restraint or coercion' within the meaning of Section 8(b)(1)(A)." *Id.* As to the section 8(b)(2) claim, the Director

noted that, although a likely result of such an award would be the termination of all non-MM & P officers on Crest vessels, such terminations in fact had not occurred and would not occur because the collective bargaining agreement at issue already had expired. Accordingly, the Director concluded that further examination of the claim "would not effectuate the policies of the [NLRA]." *Id.*

In light of this ruling, on February 24, 1986, the district court issued a Memorandum and Order granting MM & P's petition to confirm the award. The district court specifically rejected Trinidad's contention that application of the agreement would have forced Crest to violate the NLRA. The court reasoned that Crest could have limited its purchases of new vessels to those with MM & P licensed deck officers aboard. Since it was Crest's actions that placed it in jeopardy, the court concluded that Trinidad could not argue that the collective bargaining agreement required Crest to violate federal law. Moreover, the court noted that MM & P had waited until its collective bargaining agreement with Trinidad had expired before seeking enforcement of the arbitrator's award. Consequently, the court found that MM & P could not have been seeking enforcement of the collective bargaining agreement as to Crest, but rather sought only damages for breach of Trinidad's agreement. As to these claims, however, the district court noted that "[h]ad [the Regional Director] issued a complaint, his decision would have been binding upon us." Joint App. at 330.

Subsequent to the filing of Trinidad's notice of appeal, the NLRB's General Counsel reversed the Regional Director's decision not to issue an unfair labor practice complaint against MM & P. The General Counsel found that "MM & P's suit to confirm an arbitration award for monetary damages raised Section 8(b)(1)(A), 8(b)(1)(B) and 8(b)(2) issues warranting Board determination based on record testimony developed at a hearing before an Administrative Law Judge." Addendum to Appellant's Brief. The General Counsel therefore directed the Regional Director to issue a complaint reflecting Trinidad's charges. A complaint was issued on July 31, 1986, and a hearing on the claims has been scheduled for October 8, 1986. Trinidad now appeals the district court's grant of the petition to confirm the award on the ground that the issuance of the NLRB's complaint establishes that MM & P's actions violated the NLRA.

## II. DISCUSSION

We begin our analysis by acknowledging that judicial review of an arbitrator's interpretation of a collective bargaining agreement is extremely limited. As long as the award "draws its essence from the collective bargaining agreement," *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960), the award generally should be confirmed regardless of any faulty factual or legal conclusions reached therein, *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 571, 96 S.Ct. 1048, 1059, 47 L.Ed.2d 231 (1976). At the same time, however, it is clear that an arbitrator's award repugnant to the NLRA will not be enforced. *General Warehousemen & Helpers Local 267 v. Standard Brands, Inc.*, 579 F.2d 1282, 1292 (5th Cir. 1978), *cert. dismissed*, 441 U.S. 957, 99 S.Ct. 2420, 60 L.Ed.2d 1075 (1979). It would contravene public policy to confirm an arbitrator's award enforcing a provision of a collective bargaining agreement violative of federal labor law. *Perma-Line Corp. of America v. Sign Pictorial & Display Union*, 639 F.2d 890, 894–95 (2d Cir. 1981); *Danielson v. International Organization of Masters, Mates & Pilots*, 521 F.2d 747, 755 (2d Cir.1975).

Trinidad contends that enforcement of the arbitrator's award would violate the NLRA because the basis for the award was Trinidad's failure to apply its collective bargaining agreement with MM & P to Crest—an application that, according to Trinidad, clearly would have violated federal labor law. MM & P responds by pointing out that, regardless of the legality of

section V.1 of the collective bargaining agreement, the arbitrator did not order specific performance of that agreement. Rather, as requested by MM & P, the arbitrator awarded only damages for a simple breach of contract—the failure of Trinidad to fulfill the agreement it freely had entered into with MM & P.

Accordingly, resolution of this appeal requires examination of two issues: first, whether the arbitrator's award of damages for breach of the agreement is as inconsistent with public policy and federal labor law as would be an award of specific performance of the agreement, and second, assuming that the damages award is no different than specific performance, whether the actions of MM & P in fact violated the NLRA. Because we find that the monetary award here is not distinguishable from an award ordering specific performance of the collective bargaining agreement and further find that the NLRB, having issued an unfair labor practice complaint and scheduled a hearing, is in the best position to determine whether a violation of the NLRA has occurred, we reverse the district court's order and remand the matter for further consideration pending resolution of the NLRB proceedings against MM & P.

■ Assuming that application of the collective bargaining agreement to Crest would violate the NLRA, we do not view the arbitrator's award of contractual damages as being separable from the statutory violation. The only logical basis for the arbitrator's award was the failure of Trinidad to apply the agreement to Crest. If such application would have impinged upon statutorily guaranteed rights, then the arbitrator's award necessarily instructed Trinidad and Crest that, in order to have avoided such contractual liability, they should have violated the NLRA by imposing the collective bargaining agreement on Crest's licensed deck officers. Such an award is clearly contrary to public policy and thus unenforceable. *E.g., Carpenters' Local Union No. 1478 v. Stevens,* 743 F.2d at 1277 (contention that union seeks only contractual damages and not specific performance of collective bargaining agreement in violation of NLRA "ignores the fact that the arbitrator explicitly based the award on the conclusion that the [employer] was bound by the labor agreement" and that failure to impose agreement is wrongful only if it properly applies to the employer); *Local 7-210, Oil, Chemical & Atomic Workers v. Union Tank Car Co.,* 475 F.2d 194, 197 (7th Cir.) (arbitrator's award of damages to union for employer's failure to apply collective bargaining agreement to new unit inconsistent with NLRB's ruling that application of such agreement would violate federal labor law), *cert. denied,* 414 U.S. 875, 94 S.Ct. 68, 38 L.Ed.2d 120 (1973).

MM & P's reliance on our decision in *Luckenbach Overseas Corp. v. Curran,* 398 F.2d 403 (2d Cir.1968), for the proposition that an arbitrator may shape a damages award for a contractual violation even in cases where application of the collective bargaining agreement would violate federal labor law is misplaced. In *Luckenbach,* we lifted a stay of an arbitration proceeding because we believed that "the arbitrator could fashion a remedy under the contract which would not conflict with Board policy or the Regional Director's decision." *Id.* at 406. Here, however, as Trinidad points out, we deal with a situation in which the arbitration already has occurred and the proposed remedy cannot be implemented without acceptance of the argument that the agreement should have been applied to Crest. In sum, assuming that application of the award would impinge upon the statutory rights of Crest and its employees, the arbitrator here formulated a remedy in conflict with federal labor law.

■ The issue remaining to be resolved, therefore, is whether MM & P's actions violated federal labor law. While we acknowledge that federal courts have concurrent jurisdiction with the NLRB to hear cases involving both alleged NLRA violations and claims of breach of collective bargaining agreements, *Central Valley Typographical Union, No. 46 v. McClatchy Newspapers,* 762 F.2d 741, 746 (9th Cir.1985); *see Perma-Line,* 639 F.2d at

895, we conclude that, since the NLRB has issued an unfair labor practice complaint and scheduled a hearing on the very issue involved here, the court should defer to the NLRB for resolution of the issue.

As the executive agency authorized to oversee federal labor policy, the NLRB has special expertise to determine whether a provision of a collective bargaining agreement violates the NLRA. *See Danielson,* 521 F.2d at 755. Indeed, the district judge noted that, if the NLRB had issued a complaint in the matter, any determination reached by the agency would have been binding on the court. The hearing scheduled to be held before the NLRB in October will resolve the same issues presented in the action at bar. In our view, it would be inopportune to preempt the NLRB's jurisdiction and risk conflicting determinations by this court and the NLRB on the lawfulness of MM & P's actions. Accordingly, the most efficient procedure at this time is to stay the matter pending resolution of the unfair labor practice complaint by the NLRB. Once resolved by the administrative agency, and in light of our determination that the damages award may be viewed no differently than an award of specific performance, the district court will be in a better position to determine whether the award may be enforced.

### III. CONCLUSION

The district court's order granting the petition to confirm the award is reversed and the matter is remanded for further proceedings consistent with this opinion, including a stay of the action pending resolution of the unfair labor practice complaint against MM & P now before the NLRB.