John SCARFI, Richard Hubert, I. Michael Bracco, Victor Bobes, William Henry, Alan I. Stern, and Jerome Friedman as trustees of the District No. 15 Machinists' Pension Fund, Plaintiffs,

v.

BRIGHT STAR INDUSTRIES, INC., Defendant.

No. CV–92–3766.

United States District Court, E.D. New York.

Jan. 2, 1992.

Owen M. Rumelt, Vladeck, Waldman, Elias & Engelhard, New York City, for plaintiffs.

David G. Trachtenberg, New York City, for defendant.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

This is an action brought under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and under Sections 301 and 302 of the Labor–Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §§ 185 and 186. The plaintiffs—John Scarfi, Richard Hubert, I. Michael Bracco, Victor Bobes, William Henry, Alan I. Stern, and Jerome Friedman— are trustees of the District No. 15 Machinists' Pension Fund (the "Fund"). They allege that the defendant Bright Star Industries, Inc. ("Bright Star"), as the employer of the Fund beneficiaries, is obligated to contribute to the Fund under the terms of a collective bargaining agreement and under the terms of a trust agreement. The trustees brought this action to enforce those agreements and to compel Bright Star to make specific contributions to the Fund that the trustees allege have not yet been paid by Bright Star. Bright Star has moved to dismiss this action under Federal Rule of Civil Procedure 12(b)(1) and (6). For the reasons set forth below, that motion is denied.

## FACTS

Bright Star argues that jurisdiction over this action is preempted by proceedings already terminated before the National Labor Relations Board ("NLRB" or the "Board")—proceedings to which the plaintiffs claim they were not parties. On January 22, 1990, the NLRB issued an order in which the Board determined that Bright

Star had engaged in unfair labor practices; inter alia, the order directed that Bright Star "make whole" 125 employees who had suffered from those unfair labor practices. Specifically, the Board found that Bright Star had wrongly refused to reinstate those 125 employees after a labor strike. Bright Star did not contest the decision of the NLRB. Subsequently, William Pascarell, Regional Director of NLRB Region 22, issued a "Compliance Specification" to Bright Star. Defendant's Exhibit 3. The Compliance Specification alleged that Bright Star owed $43,936.00 to the Fund as contributions that should have been made on behalf of the 125 employees. *Id.* ¶ 13. It appears that the NLRB and Bright Star reached a settlement on the amount of the outstanding contributions: On March 11, 1991, Bright Star and the NLRB represented to an NLRB Administrative Law Judge that they had agreed that Bright Star would contribute 85 percent of the $43,-936.00 set out in the Compliance Specification. Defendant's Exhibit 5. However, counsel for the NLRB noted that:

> Pension contributions are a separate area treated by the parties. Respondent [Bright Star] agrees to pay at least 85 percent of the pension payments listed in the specification. At this point, the Union is unable to agree to that payment until it receives clearance from its Pension Fund, which will be reported shortly. But, at no point will payment be for less than 85 percent of the pension claims that are asserted in the specification.

*Id.* at 4. Since that settlement was entered into the record of the proceedings before the NLRB, Bright Star has paid approximately 85 percent of the entire amount of outstanding contributions. Defendant's Exhibit 7.

The defendant now moves to dismiss this action under Federal Rule of Civil Procedure 12(b)(1) on the ground that the National Labor Relations Act confers exclusive jurisdiction for matters concerning unfair labor practices with the NLRB; hence, the defendant argues, this court is without jurisdiction over this action. Bright Star also moves to dismiss this action under Federal

Rule of Civil Procedure 12(b)(6) (although it conceded at oral argument that the Rule 12(b)(6) motion is essentially duplicative of its Rule 12(b)(1) motion). Finally, Bright Star moves for costs and attorney's fees—apparently under Federal Rule of Civil Procedure 11.

## DISCUSSION

Section 10 of the National Labor Relations Act, as amended ("NLRA"), 29 U.S.C. § 160, grants exclusive jurisdiction to the NLRB over disputes that concern allegations of unfair labor practices. The plaintiffs do not dispute that this grant of exclusive jurisdiction precludes a federal district court from adjudication of such an action. However, Section 502 of ERISA, 29 U.S.C. § 1132, grants jurisdiction to federal courts over actions that are brought to enforce rights under a pension plan—such as the trust agreement in this action. Further, Section 301 of the LMRA, 29 U.S.C. § 185, confers jurisdiction on federal courts for actions that are brought to enforce a collective bargaining agreement—such as the labor contract in this action. Nonetheless, the defendant characterizes this suit as a dispute over unfair labor practices; thus, the defendant maintains, the NLRA—and not ERISA or the LMRA—governs this matter. For this reason, the defendant argues that the only adjudicative body with jurisdiction over this action is the NLRB.

The only difficulty with the argument of the defendant is that the relevant statutes, the settled case law, and sound reasoning compel a different conclusion. First, as to the relevant statutes, Bright Star does not argue—nor could it—that the grant of exclusive jurisdiction in the NLRB expressly overrides the clear grants of jurisdiction to the federal courts under ERISA and under the LMRA. That is, the defendant is unable to demonstrate statutory support for its implicit proposition that the exclusive grant of jurisdiction under the NLRA controls an action under ERISA or under the LMRA if that action also implicates questions of unfair labor practices. Rather, there is no explicit statutory coordination of these provisions.

Such coordination is provided, however, by the settled case law. In *Smith v. Evening News Association*, 371 U.S. 195, 197, 83 S.Ct. 267, 268, 9 L.Ed.2d 246 (1962), the Supreme Court held that the "authority of the Board to deal with an unfair labor practice which also violates a collective bargaining contract ... does not destroy the jurisdiction of the courts in suits under § 301 [of the LMRA]." More recently, the Second Circuit acknowledged "that federal courts have *concurrent* jurisdiction with the NLRB to hear cases involving both alleged NLRA violations and claims of breach of collective bargaining agreements...." *International Organization of Masters, Mates & Pilots v. Trinidad Corp.*, 803 F.2d 69, 73 (2d Cir.1986) (emphasis added). *See also Central Valley Typographical Union, No. 46 v. McClatchy Newspapers*, 762 F.2d 741, 746 (9th Cir. 1985) (federal courts and NLRB have "concurrent jurisdiction" over cases that "legitimately" involve both allegations of unfair labor practices and allegations of breach of collective bargaining agreement). Under these authorities, it is clear that this court has jurisdiction over this matter—even if this action does in fact implicate unfair labor practices.

In this regard, the reliance by Bright Star on *Laborers Health and Welfare Trust Fund for Northern California v. Advanced Lightweight Concrete Co., Inc.*, 484 U.S. 539, 108 S.Ct. 830, 98 L.Ed.2d 936 (1988), is entirely misplaced. In that case, the Supreme Court determined that the federal jurisdiction under Sections 502 and 515 of ERISA applies only to actions for the collection of "promised contributions." Thus, these provisions do "not confer jurisdiction on district courts to determine whether an employer's unilateral decision to refuse to make *postcontract contributions* constitutes a violation of the NLRA." *Laborers Health and Welfare Trust Fund*, 484 U.S. at 549, 108 S.Ct. at 836 (emphasis added). Unlike that action—in which the disputed contributions were alleged to be due for a period after the termination of the contract—the plaintiffs in this action seek contributions under the terms of what they allege to be a still-valid

collective-bargaining agreement as well as a still-valid trust agreement. Thus, this case does not, as did *Laborers Health and Welfare Trust Fund*, fall within "that narrow category of suits seeking recovery of unpaid contributions accrued during the period between contract expiration and impasse [of negotiations]." *Id.* at 545, 108 S.Ct. at 834 (quoting 779 F.2d 497, 505 (9th Cir.1985)). Because *Laborers Health and Welfare Trust Fund* considered federal jurisdiction for *postcontractual* periods—and because this case arises from an allegedly still-effective contract—the holding of *Laborers Health and Welfare Trust Fund* does not control this motion.

Furthermore, a particular passage from that case which Bright Star quoted repeatedly at oral argument merits comment. The Supreme Court observed:

> There are situations in which district judges must occasionally resolve labor issues, but they surely represent the exception rather than the rule. In cases like this, which involve either an actual or an "arguable" violation of § 8 of the NLRA, federal courts typically defer to the judgment of the NLRB.

*Id.* 484 U.S. at 552, 108 S.Ct. at 837. Bright Star brought this motion on the ground that this court lacked subject matter jurisdiction over this action; the only law cited by the defendant to support its position is this statement that the federal courts "typically defer" to the NLRB. But a court that lacks subject matter jurisdiction is not free to decline to exercise that jurisdiction, nor is it free to "defer" to the judgment of another adjudicative body: That federal courts should elect to "defer" to the NLRB is *necessarily* to establish that the courts have jurisdiction over such matters. Thus, the scant law cited by the defendant for its motion demonstrates that the federal courts, as in this case, often share jurisdiction with the NLRB over cases that involve questions under the NLRA as well as under the LMRA or under ERISA.

Finally, sound reasoning would compel the conclusion that Section 10 of the NLRA does not preclude the exercise of jurisdic-

tion by a federal court under Section 502 of ERISA or under Section 301 of the LMRA. Section 502 permits a civil action to enforce the terms of a "plan" (such as a pension trust fund); Section 301 permits a civil action to enforce the terms of a collective bargaining agreement. But, as this case illustrates, unfair labor practices are not by any means inconsistent with breaches of "plan" terms or with breaches of collective bargaining agreements. Rather, an unfair labor practice, such as the failure to rehire striking workers, will often have implications under an ERISA plan or under a labor contract. Nonetheless, the position of the defendant is that the presence of the unfair labor practice confers exclusive jurisdiction over the entire dispute—even in its other substantive aspects—on the NLRB; hence, an allegation of an unfair labor practice—or, as here, the characterization by the defendant (but not by the plaintiff) of an action as one concerning unfair labor practices—would "oust" the jurisdiction of the federal courts over other clearly established federal rights. In such a case, a federal court would be powerless to hear an action for which Congress expressly provided federal-court jurisdiction—simply because another adjudicative body has jurisdiction over one aspect of that case. That position is "too extravagant to be maintained." *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 179, 2 L.Ed. 60 (1803).

It is important to note that this court does not determine for the purposes of this motion whether the NLRB proceedings against Bright Star have preclusive effect in this action. Rather, Bright Star has brought its challenge in the posture of a motion to dismiss for lack of subject matter jurisdiction—jurisdiction that this court clearly has under Section 502 of ERISA and under Section 301 of the LMRA. Also, the court does not determine whether or not the plaintiffs here have made out a *legitimate* claim under ERISA and under LMRA; on that question, the defendant is entirely silent. Rather, the court only determines that: (1) under the allegations of the complaint, this court has jurisdiction; and (2) Section 10 of the NLRA does not

divest this court of that jurisdiction. Accordingly, the motion of the defendant to dismiss is denied; the motion of the defendant for costs and for attorney's fees is also denied.

SO ORDERED.