18-2898-cv
*1199 SEIU United Healthcare Workers v. Alaris Health at Hamilton Park*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of September two thousand nineteen.

PRESENT: RICHARD C. WESLEY,
DENNY CHIN,
JOSEPH F. BIANCO,
*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

1199 SEIU UNITED HEALTHCARE WORKERS
EAST,

*Petitioner-Appellee,*

v.                                               18-2898-cv

ALARIS HEALTH AT HAMILTON PARK,
CONFIDENCE MANAGEMENT SYSTEMS, LLC,

*Respondents-Appellants,*

ATRIUM AT HAMILTON PARK,

*Intervenor-Defendant-*
*Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER-APPELLEE: KATHERINE H. HANSEN (Kent Y. Hirozawa, *on the brief*), Gladstein, Reif & Meginniss, LLP, New York, New York.

FOR RESPONDENTS-APPELLANTS AND INTERVENOR-DEFENDANT-APPELLANT: David F. Jasinski, Jennifer C. Van Syckle, Jasinski, P.C., Newark, New Jersey.

Appeal from the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Respondents-appellants Alaris Health at Hamilton Park ("Hamilton Park") and Confidence Management Systems, LLC ("CMS") and intervenor-defendant-appellant Atrium at Hamilton Park ("Atrium") (collectively, "Defendants") appeal from a judgment of the district court entered December 21, 2018 confirming an arbitration award (the "Award"), issued March 16, 2018, in favor of petitioner-appellee 1199 SEIU United Healthcare Workers East (the "Union").  By memorandum order entered September 4, 2018, the district court granted the Union's motion to confirm the Award, granted Atrium's motion to intervene, and denied Defendants' motion to vacate the Award and transfer venue.  On appeal, Defendants principally argue that the district court erred in confirming the Award because the arbitrator exceeded his authority under the operative collective bargaining agreement ("2008 CBA"), and, in doing so, the

arbitrator violated public policy. Defs. Appellants' Br. at 2. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Hamilton Park provides long-term care services in Jersey City, New Jersey. Atrium provides assisted living services in the same building. The Union has represented housekeeping, maintenance, and dietary employees at the location for many years. Hamilton Park was a signatory to the relevant collective bargaining agreements, and for years it applied the terms of the agreements to Atrium employees, including remitting Union dues and health fund payments on their behalf. CMS began managing the housekeeping department at the property in 2013 and signed an assumption agreement with respect to the 2008 CBA.

A dispute arose after an ownership change in 2013. The new owner stopped applying the 2008 CBA to the Atrium employees. The Union filed a grievance and arbitration ensued, resulting in issuance of the Award.

We review a district court's confirmation of an arbitration award *de novo* on questions of law and for clear error as to its factual findings. *Landau v. Eisenberg*, 922 F.3d 495, 498 (2d Cir. 2019). There is a "strong presumption in favor of enforcing arbitration awards," and an award "should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Id.* (internal quotation marks omitted); *see United Bhd. of Carpenters & Joiners of Am. v. Tappan Zee Constructors, LLC*, 804 F.3d 270, 275 (2d Cir. 2015) ("[A]s long as the

arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." (internal quotation marks omitted)).

On review, we affirm the decision of the district court for substantially the reasons set forth in its September 4, 2018 order. We add only the following. The 2008 CBA broadly authorizes the arbitrator to resolve grievances, defined as "a dispute with regard to the application, interpretation or performance of an express term or condition of the [2008 CBA]," App'x at 385, except that he "may not add to, subtract from, or otherwise amend or modify the terms of th[e 2008 CBA]," *id.* at 386. The arbitrator determined that prior to the change in ownership in 2013, Hamilton Park and Atrium were treated as a single employer; Atrium employees received the benefits of a previous collective bargaining agreement that expressly referenced Atrium in the signatory employers list; Hamilton Park continued to provide those benefits under the 2008 CBA even though Atrium was omitted from the signatory employers list; and Hamilton Park and CMS "violated the 2008 [CBA], as extended by [his] 2012 Interest Arbitration Award," by unilaterally removing Atrium's dietary, maintenance, and housekeeping employees from the bargaining unit after the sale of the facilities. App'x at 268; *see* App'x at 268-70.

The arbitrator also concluded that Hamilton Park and Atrium's single employer status continued after the sale because Hamilton Park and Atrium had

- 4 -

interrelated operations, common management, centralized control of labor relations, and common ownership. The arbitrator's determination of who was bound by the 2008 CBA by virtue of the parties' conduct was within the scope of his authority and an arguable construction of the agreement. *See IBJ Schroder Bank & Tr. Co. v. Resolution Tr. Corp.*, 26 F.3d 370, 374 (2d Cir. 1994) ("Generally speaking, the practical interpretation of a contract by the parties to it for any considerable period of time before it comes to be the subject of controversy is deemed of great, if not controlling, influence." (internal quotation marks omitted)).

In confirming the Award, the district court rejected each of Defendants' arguments claiming that the arbitrator exceeded his powers under the 2008 CBA. It recognized that the Award was issued against the "Employers," *i.e.*, Hamilton Park and CMS, and only imposes obligations on the two employers to apply the 2008 CBA to employees of Atrium. The district court also observed that "signatories to a collective bargaining agreement cannot challenge the validity of arbitration proceedings simply because a non-signatory's interests are implicated." App'x 630-31 (citing *Bedroc Contracting LLC v. Mason Tenders Dist. Council of Greater N.Y. & Long Island*, No. 06 Civ. 6399 (RMB), 2006 WL 3057311 (S.D.N.Y. Oct. 25, 2006); *Vittoria Corp. v. New York Hotel & Motel Trades Council*, 30 F. Supp. 2d 431 (S.D.N.Y. 1998)).

Defendants make two additional arguments on appeal that warrant a brief response: (1) the Award violates public policy by making the Union the bargaining

representative for Atrium employees; and (2) the Award does not draw its essence from the 2008 CBA. *See Int'l Org. of Masters, Mates & Pilots v. Trinidad Corp.*, 803 F.2d 69, 72 (2d Cir. 1986) ("It would contravene public policy to confirm an arbitrator's award enforcing a provision of a collective bargaining agreement violative of federal labor law."); *id.* ("As long as the award draws its essence from the collective bargaining agreement, the award generally should be confirmed regardless of any faulty factual or legal conclusions reached therein." (citations and internal quotation marks omitted)). The Award, however, only places obligations on Hamilton Park and CMS as to employees who are part of the existing bargaining unit, in accord with federal labor law, and the parties' dispute arises under the 2008 CBA because the arbitrator was tasked with interpreting the meaning of the parties' omission of reference to Atrium in the signatory employers list. Thus, these additional arguments fail.

\* \* \*

We have considered Defendants' remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

- 6 -