United States v. Bond

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2013

(Argued: March 17, 2014            Decided: August 13, 2014)

Docket No. 12-4803-bk

- - - - - - - - - - - - - - - - - - -x

United States of America,

            <u>Plaintiff-Appellee</u>,

      - v.-

Edward P. Bond, Liquidating Trustee of the Liquidating
Trust U/A/W PT1 Communications, Inc.,

            <u>Defendant-Appellant</u>.

- - - - - - - - - - - - - - - - - - -x


Before:              JACOBS, SACK and LOHIER, <u>Circuit Judges</u>.

A liquidating trust that had been assigned tax refund claims pursuant to a

Chapter 11 reorganization plan was awarded a federal income tax refund by the

United States Bankruptcy Court for the Eastern District of New York (Craig, <u>C.J.</u>).

The United States District Court for the Eastern District of New York (Cogan, J.) affirmed the award, but held that the government could bring a separate action to offset the refund against taxes owed by the liquidating trust. The trustee of the liquidating trust appeals from the portion of the district court judgment upholding the government's right to setoff. Because the bankruptcy court lacked subject matter jurisdiction to decide the tax refund claim, we reverse.

LAURENCE MAY, Cole, Schotz, Meisel, Forman & Leonard, P.A., New York, N.Y. (Therese Scheuer, on the brief), for Appellant.

KENNETH W. ROSENBERG (Kathryn Keneally, Assistant Attorney General, Bruce R. Ellisen, on the brief), United States Department of Justice, Tax Division, Washington, D.C. (Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, N.Y., of counsel), for Appellee.

DENNIS JACOBS, Circuit Judge:

Pursuant to the Chapter 11 plan of reorganization in this case, all tax refund claims of a bankruptcy estate were assigned to a liquidating trust. Edward P. Bond, the trustee of the liquidating trust ("Liquidating Trustee"), filed

a federal income tax refund claim in bankruptcy court. The government asserted (1) that its waiver of sovereign immunity for bankruptcy court adjudication of tax refund claims filed by *bankruptcy* trustees did not confer on the bankruptcy court jurisdiction to decide such claims filed by the Liquidating Trustee, and (2) that in any event the refund claim was subject to an offset on account of other taxes owed by the Liquidating Trust. The United States Bankruptcy Court for the Eastern District of New York (Craig, C.J.) ruled that the Liquidating Trustee was entitled to a $3.8 million tax refund, and that the reorganization extinguished the government's setoff rights. The United States District Court for the Eastern District of New York (Cogan, J.) affirmed the $3.8 million tax refund, but reversed the extinguishment of setoff rights.

The district court did not reach the merits of the government's setoff claim, or remand the issue to the bankruptcy court. Rather, the district court held that the government's setoff rights could be asserted in a separate federal cause of action pursuant to the Judgment Setoff Act, 31 U.S.C. § 3728. In this appeal, the Liquidating Trustee seeks a mandate directing affirmance of the April 29, 2011 final order ("Final Order") of the bankruptcy court *in toto*, and argues that the

issue of the bankruptcy court's subject matter jurisdiction over the refund claim was waived when the government withdrew its own appeal in this case.

We hold that the bankruptcy court lacks jurisdiction over the Liquidating Trustee's refund claim and that the jurisdictional defense was not waived by the government's withdrawal of its appeal. Section 505(a) of the Bankruptcy Code ("Code") allows a tax refund suit in bankruptcy court only after a refund claim is filed with the IRS by "the trustee" in bankruptcy. (A debtor-in-possession has the status "of a trustee serving in a case under this Chapter," 11 U.S.C. § 1107; in this opinion, all references to a bankruptcy trustee include the debtor-in-possession.) Here, however, the refund claim was filed by the Liquidating Trustee, a representative of the estate who was appointed under the reorganization plan and whose status is distinct from that of a trustee in bankruptcy. Because Congress authorized a bankruptcy trustee (not a plan-appointed estate representative) to administratively exhaust a refund claim before bringing that claim in bankruptcy court, and the refund claim here was not filed with the IRS by a bankruptcy trustee, the bankruptcy court lacked jurisdiction to award the refund.

4

## BACKGROUND

Debtors PT-1 Communications, Inc., PT-1 Long Distance, Inc., and PT-1 Technologies, Inc. (collectively, "PT-1"), filed for bankruptcy on March 9, 2001. Because the filing ended its tax year prematurely, PT-1 filed two federal income tax returns for the 2001 calendar year: one for January 1 - March 8, 2001 ("Stub Period"), and one for March 9 - December 31, 2001 ("Short Period"). The Short Period return (filed in September 2002) reported tax due of $6,706,172, which was paid in full. In August 2004, the United States government filed an administrative-expense request in the bankruptcy court seeking an additional $2 million in interest and penalties for the Short Period. The government asserted no pre-petition claims against PT-1.

Prior to adjudicating the government's claim, the bankruptcy court confirmed a Chapter 11 reorganization plan ("Plan") on November 23, 2004. The Plan created two new entities: Reorganized PT-1 ("New PT-1"), which carried on the debtors' long-distance phone business, and the liquidating trust, from which unsecured creditors were to be paid *pro rata*.[1] New PT-1's assets consisted of

_____

[1] When pending litigation threatens to significantly delay plan confirmation, bankruptcy courts will sometimes split the debtor's assets between a trust and a new business entity to allow the debtor to reorganize quickly.

approximately $2.5 million cash, $10 million in accounts receivable, $1 million on deposit with telecommunications providers, and approximately $1 million of property, plant and equipment. The liquidating trust succeeded to most of PT-1's assets, valued at $39-$49 million. Among these assets were "all rights in and to any tax refunds due to the Debtors for tax years ending prior to January 1, 2005." The Plan provided for the appointment of the Liquidating Trustee to manage the liquidating trust. (No bankruptcy trustee had been appointed; PT-1 had operated as debtor-in-possession.)

The Plan became effective on January 31, 2005.

Six weeks later, on March 14, 2005, the Liquidating Trustee counterclaimed against the government in bankruptcy court, seeking a refund of the Short Period taxes paid.[2] About six months later, in September 2005, the Liquidating Trustee filed a request with the IRS for the same refund, which is still pending.

In a series of four decisions issued between 2006 and 2009, the bankruptcy court decided the government's administrative-expense tax claim (and others)

---

[2] The Liquidating Trustee also filed a second counterclaim for a $2.2 million overpayment of 1998 taxes. The government has already refunded this money to the Liquidating Trustee (and concedes that a request for this refund was properly filed with the IRS by the debtor-in-possession prior to Plan confirmation), so this claim is a footnote.

and the Liquidating Trustee's refund counterclaim.  In re PT-1 Commc'ns, Inc., 357 B.R. 217 (Bankr. E.D.N.Y. Dec. 7, 2006); 386 B.R. 402 (Bankr. E.D.N.Y. Mar. 26, 2007); 403 B.R. 250 (Bankr. E.D.N.Y. Mar. 31, 2009); 447 B.R. 115 (Bankr. E.D.N.Y. Mar. 3, 2011).  In sum, the bankruptcy court dismissed all the government's claims, and granted summary judgment in favor of the Liquidating Trustee on his counterclaim.  In so doing, the court held that the government's setoff and recoupment rights were extinguished by a Plan provision (set out in the margin[3]), and rejected the government's argument that sovereign immunity barred the refund suit.  403 B.R. at 261-65, 271-73.

The Final Order of the bankruptcy court, issued April 29, 2011, specified the relief appropriate under its four prior decisions and awarded the Liquidating Trustee a $3.8 million refund (plus interest) for the Short Period.  See Final

---

[3] The anti-setoff and anti-recoupment provision reads:

[A]ll Entities who have held, hold, or may hold Claims, against the Debtors which arose before the Effective Date . . . are permanently enjoined, on and after the Effective Date, from . . . asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from the Debtors or any Release Party on account of such claim. Such injunction shall extend to successors of the Reorganized Debtors and the Released Parties and their properties and interests in property.

Order, In re PT-1 Commc'ns, Inc., No. 1-01-12655 (Bankr. E.D.N.Y. Apr. 29, 2011), ECF No. 1243. It also disallowed all the government's tax claims and enjoined the government from exercising rights of setoff or recoupment. Id.

The government appealed to the United States District Court for the Eastern District of New York, arguing, inter alia, that sovereign immunity (i) foreclosed bankruptcy court jurisdiction over the refund counterclaim, and (ii) prevented the government from being bound by the anti-setoff and anti-recoupment provision of the Plan.

As to the Liquidating Trustee's refund counterclaim, the district court upheld bankruptcy court jurisdiction, rejecting the government's argument that the filing of an administrative tax refund request with the IRS by a bankruptcy trustee is a prerequisite to jurisdiction. United States v. Bond, 486 B.R. 9, 26-30 (E.D.N.Y. 2012). The district court acknowledged that the Code confers jurisdiction only when a certain period has elapsed after "*the trustee* properly requests such refund" from the government, 11 U.S.C. § 505(a)(2)(B), but ruled that the jurisdictional limitation "is in essence a timing and exhaustion of remedies provision" and therefore "does not limit the bankruptcy court's ability to adjudicate tax disputes to only those brought by bankruptcy trustees." Bond,

8

486 B.R. at 26. As to the Plan provision barring recoupment and setoff, the district court agreed with the government, and vacated the portion of the Final Order that bound the government to the anti-setoff provision of the Plan. Id. at 45.

Both parties filed appeals. The government challenged the affirmance of the tax refund award; and the Liquidating Trustee challenged the vacatur of the order extinguishing the government's future setoff rights.

The government withdrew its appeal in March 2013. On the happy assumption that the litigation was thus over, the Liquidating Trustee advised the government that he would likewise withdraw his cross-appeal, and proposed that the parties jointly calculate the amount of interest due and arrange for payment. By responsive letter, the government declined to pay the refund because it intended to exercise the setoff and recoupment rights that the district court had reestablished. The Liquidating Trustee continued pursuing this appeal.

On June 3, 2013, the Liquidating Trustee moved the district court for (a) an order directing payment of the tax refund awarded in the Final Order; and (b) a clarification (under Fed. R. Civ. P. 62.1) or an indicative ruling as to whether the

government could in fact assert setoff rights against possible tax liabilities from certain PT-1 transactions.

Before the district court ruled on the clarification motion, the government filed an action in the Eastern District of New York under the Judgment Setoff Act, 31 U.S.C. § 3728, which provides the government an independent cause of action to offset a judgment against it. See Complaint for Recoupment and Setoff, United States v. Bond, No. 13-3414 (E.D.N.Y. June 14, 2013). That case, which was assigned to Judge Cogan as related, is stayed pending the outcome of this appeal. Stay Order, United States v. Bond, No. 13-3414 (E.D.N.Y. Jan. 13, 2014).

On October 31, 2013, the district court denied the Liquidating Trustee's motion for an order directing payment. Memorandum Decision and Order, United States v. Bond, No. 11-5608, 2013 WL 5901951 (E.D.N.Y. Oct. 31, 2013). The district court clarified that its judgment did not foreclose the possibility of setoff or recoupment against "PT-1's potential tax liability" incurred in certain pre-confirmation transactions. Id. at *3.

The government is withholding payment of the Short Period tax refund pending the resolution of its setoff and recoupment claims in the separate stayed federal action.

10

**DISCUSSION**

When the district court acts in its capacity as an appellate court, we review its legal conclusions de novo, as we do those of the bankruptcy court. In re Vebeliunas, 332 F.3d 85, 90 (2d Cir. 2003). We begin with the Code provision that governs sovereign immunity; but we do not resolve the jurisdictional issue on the ground of sovereign immunity, because we hold that the administrative exhaustion requirement of § 505 cannot be satisfied post-confirmation by the Liquidating Trustee, that this exhaustion requirement is jurisdictional, and that the bankruptcy court therefore lacked subject matter jurisdiction to adjudicate the issue in this case.

**I**

A court lacks jurisdiction to entertain an action brought against the United States absent an express statutory waiver of sovereign immunity. United States v. Dalm, 494 U.S. 597, 608 (1990). Section 106(a)(1) of the Code lists 59 provisions as to which immunity is abrogated; among them is Section 505, which relates to the determination of tax liabilities.

"[W]e begin with the understanding that Congress says in a statute what it means and means in a statute what it says there." Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6 (2000) (internal quotation marks omitted). Section 505(a)(1) grants jurisdiction to the bankruptcy court to adjudicate tax disputes:

> Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

The language is broad, conferring jurisdiction over "any tax," but with an explicit carve-out: "Except as provided in paragraph (2) of this subsection." That paragraph lists three exceptions to the general rule. One of them restricts the ability of the bankruptcy court to determine tax refunds:

> The court may not so determine . . . any right of the estate to a tax refund, before the earlier of—
>
> (i) 120 days after the trustee properly requests such refund from the governmental unit from which such refund is claimed; or
>
> (ii) a determination by such governmental unit of such request.

505(a)(2)(B). Therefore, two conditions must be satisfied before the bankruptcy court has jurisdiction to determine a tax refund:

12

(1) the "trustee" must properly request the tax refund from the government; and

(2) either the government must rule on the trustee's request or 120 days must elapse.

Here, the first condition is unmet because the Liquidating Trustee, who filed the refund claim with the IRS post-confirmation, is not a "trustee" as that word is used in the Code. In a Chapter 11 case, a trustee can only be appointed "before confirmation of a plan."[4] 11 U.S.C. § 1104(a). The Liquidating Trustee, however, was appointed *pursuant* to the Plan, and was therefore not appointed "before confirmation." Both the Liquidating Trust Agreement and the Confirmation Order make this explicit. See Liquidating Trust Agreement at § 3.1(a), In re PT-1 Commc'ns, Inc., No. 1-01-12655 (Bankr. E.D.N.Y. Oct. 19, 2010), ECF No. 1205-2 ("The Liquidating Trustee shall be appointed pursuant to the Confirmation Order."); Confirmation Order ¶ 8, In re PT-1 Commc'ns, Inc., No. 1-01-12655 (Bankr. E.D.N.Y. Nov. 23, 2004), ECF No. 842 ("The Liquidating

---

[4] Although Section 1104(a) requires that a party in interest request the appointment of a trustee, the bankruptcy court is permitted to appoint a trustee *sua sponte*. See 11 U.S.C. § 105(a). A bankruptcy trustee need not be appointed in every case, see 7 Collier on Bankruptcy ¶ 1104.02, and none was appointed here.

13

Trustee shall be appointed in accordance with the provisions of the Plan.")  The Code makes clear that "the debtor," "the trustee," and an appointed "representative of the estate" — here, the Liquidating Trustee — are three distinct actors.  See 11 U.S.C. § 1123(b)(3).  Moreover, the powers of a bankruptcy trustee or debtor-in-possession are set out by Congress in the Code, whereas the powers of the Liquidating Trustee are found in the Plan and in the Liquidating Trust Agreement and conferred by the bankruptcy court.

"[W]hen a statute creates jurisdiction in a federal court, courts must construe the statute 'with precision and with fidelity to the terms by which Congress has expressed its wishes.'"  Canada Life Assurance Co. v. Converium Ruckversicherung (Deutschland) AG, 335 F.3d 52, 57 (2d Cir. 2003) (quoting Bread Political Action Comm. v. Fed. Election Comm'n, 455 U.S. 577, 580 (1982)).  These principles compel a strict construction of § 505(a)(2)(B) even if we might read the same wording more expansively in a non-jurisdictional provision of the Code.

The bankruptcy court had statutory authority to assign the tax refund claim (along with other claims) to the liquidating trust, and to appoint the Liquidating Trustee to pursue the claim.  See § 1123(b)(3)(B) ("[A] plan may . . .

14

provide for . . . the retention and enforcement by the debtor, by the trustee, *or by a representative of the estate appointed for such purpose*, of any . . . claim or interest [belonging to the debtor or the estate]" (emphasis added)). But until and unless a bankruptcy trustee files a refund claim with the IRS, the bankruptcy court lacks jurisdiction to *adjudicate* that claim. See § 505(a)(2)(B) (stating that "[t]he court may not so *determine*" a tax refund claim before the trustee files the claim with the governmental agency (emphasis added)). A bankruptcy court cannot, through confirmation of a reorganization plan, expand its own jurisdiction. Thus, although Article XI of the Plan stipulates that, post-confirmation, the bankruptcy court can "hear and determine matters concerning . . . federal taxes in accordance with Section[] . . . 505 of the Bankruptcy Code," that Plan provision does not expand jurisdiction beyond the statutory grant. See, e.g., In re Resorts Int'l, Inc., 372 F.3d 154, 161 (3d Cir. 2004) ("[I]f a court lacks jurisdiction over a dispute, it cannot create that jurisdiction by simply stating that it has jurisdiction in a confirmation or other order."). The determination of which claims and interests can be pursued in bankruptcy court is left to Congress, which in this case has defined the court's jurisdiction through § 505. The failure of PT-1 (as debtor-in-possession) to file its refund claim with the IRS prior to Plan

confirmation had a jurisdictional consequence that could not be cured by the Liquidating Trustee or a Plan provision.

This requirement of administrative exhaustion by a bankruptcy trustee in § 505(a)(2)(B) is not inconsistent with § 1123(b)(3), which authorizes the broad assignment of an estate's claims post-confirmation. The "unique role" of the bankruptcy trustee, see Hartford Underwriters, 530 U.S. at 7, is a reason Congress would differentiate the trustee from other actors in matters relating to bankruptcy court jurisdiction. The Tenth Circuit endorsed this view in Starzynski v. Sequoia Forest Industries, 72 F.3d 816 (10th Cir. 1995), which held that "appointment of an estate representative who is neither a debtor nor a trustee cannot start the running of the two-year statute of limitations of § 546(a)(1)," id. at 821.

Here, § 505(a) requires an expedited response (within 120 days) to a trustee's tax refund claim before the bankruptcy court can exercise jurisdiction, a spur that "prevent[s] a refund claim from languishing in the administrative process." IRS v. Luongo, 259 F.3d 323, 329 n.4 (5th Cir. 2001). It makes sense that this expedited procedure is available only to a bankruptcy trustee seeking a ruling from the IRS to speed plan confirmation. We therefore conclude that

16

Congress permits a bankruptcy court to confirm a plan that authorizes a representative to pursue tax refund claims while (at the same time) Congress prohibits a bankruptcy court from reviewing those claims unless they were initiated by a debtor or a trustee in bankruptcy. Thus the jurisdiction of the bankruptcy court is premised on the action of an entity that draws its authority directly from the Code itself (i.e., a debtor or bankruptcy trustee), rather than on the action of an entity (such as the Liquidating Trustee) whose authority derives from a Chapter 11 plan over which a bankruptcy court has full control, and the Congress none.

This interpretation of § 505(a) does not impair the authority of a bankruptcy court under § 1123(b)(3) to assign to an appointed estate representative powers that "the trustee" possesses under the Code. Section 505(a) is a grant of jurisdiction to the bankruptcy court over certain tax claims, not a grant of powers to trustees. Our holding is therefore consonant with those of our sister Circuits that have held that a plan-appointed estate representative may bring avoidance actions, a power granted specifically to a trustee in bankruptcy under 11 U.S.C. §§ 544, 545, 547(b), 548(a), and 549(a). See Matter of Texas Gen. Petroleum Corp., 52 F.3d 1330, 1335 (5th Cir. 1995); In re Prof'l Inv.

17

Props. of Am., 955 F.2d 623, 626 (9th Cir. 1992); In re Sweetwater, 884 F.2d 1323, 1327 (10th Cir. 1989).[5]  Furthermore, because the Plan permissibly transfers the legal right to any tax refund to the liquidating trust, the Liquidating Trustee is not left without remedy.  In the ordinary course, the Liquidating Trustee may pursue the refund claim directly in federal district court.  See 28 U.S.C. § 1346; cf. United States v. Williams, 514 U.S. 527, 536–38 (1995).

The district court concluded that paragraph 2 of § 505(a) does not "expressly" "limit the right to bring refund claims in bankruptcy court solely to bankruptcy trustees."  Bond, 486 at 26-27.  We agree.  Section 505(a)(2)(B) identifies the right to a tax refund as a "right of the estate" without specifying *who* may seek to enforce that right in bankruptcy court.  Nothing in § 505(a) prevents the Liquidating Trustee from seeking a tax refund in bankruptcy court, provided

---

[5]  In Hartford Underwriters, the Supreme Court expressly declined to rule on "the practice of some courts of allowing creditors or creditors' committees a derivative right to bring avoidance actions when the trustee refuses to do so, even though the applicable Code provisions, see 11 U.S.C. §§ 544, 545, 547(b), 548(a), 549(a), mention only the trustee."  Hartford Underwriters, 530 U.S. at 13 n.5 (citing In re Gibson Grp., Inc., 66 F.3d 1436, 1438 (6th Cir. 1995)).  This Court has likewise avoided deciding whether a representative appointed post-confirmation (such as the Liquidating Trustee here) can wield the powers of a trustee in bankruptcy.  See In re Am. Preferred Prescription, Inc., 255 F.3d 87, 90-92 (2d Cir. 2001).  We need not decide this question, and so do not.

18

the bankruptcy court has acquired jurisdiction, i.e., the bankruptcy trustee has properly filed a refund request with the IRS.

The district court also relied on legislative history, which (in its view) "provides a strong indication that [§ 505] was not intended to be limited to refund requests brought solely by bankruptcy trustees." Bond, 486 B.R. at 27.[6] There is no need to look elsewhere if the text is clear, as it is here. See, e.g., Robinson v. Shell Oil Co., 519 U.S. 337, 340 (1997).

Finally, the district court marshaled support from other Circuits that have rejected the government's argument. See Luongo, 259 F.3d at 330; Gordon Sel-Way, Inc. v. United States, 270 F.3d 280, 285 (6th Cir. 2001). But those Circuits did not address the ability of an appointed estate representative to satisfy the jurisdictional requirements of § 505(a)(2)(B). They held only that refund actions

---

[6] The legislative history contains virtually no discussion of the meaning of "trustee" in the context of § 505. But both of the two references to tax refund claims reiterate the trustee requirement. See 124 Cong. Rec. 32,413 (1978) (Statement of Rep. Edwards) ("[T]he bankruptcy court can, under certain conditions, determine the amount of tax refund claim by the trustee."); 124 Cong. Rec. 34,013 (1978) (Statement of Sen. DeConcini) ("[I]f the trustee requests a refund . . . , he would first have to submit an administrative claim for the refund . . . . [I]f the Internal Revenue Service or other tax authority does not rule on the refund claim within 120 days, then the bankruptcy court may rule on the merits of the refund claim.").

under § 505(a) are not limited to claims brought by trustees. Our holding is not to the contrary.[7]

## II

The Liquidating Trustee's remaining argument is that the issue of subject matter jurisdiction is not properly before us because the government, having initially appealed, subsequently withdrew its appeal with prejudice.

"[I]t has been the rule since nearly the inception of our republic that subject matter jurisdiction may be raised any time." Ward v. Brown, 22 F.3d 516, 519 (2d Cir. 1994) (citing Capron v. Van Noorden, 6 U.S. (2 Cranch) 126 (1804) as the

---

[7] As an alternative basis for jurisdiction, the Liquidating Trustee cites 11 U.S.C. § 106(b): "A governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity" with respect to certain counterclaims against the governmental unit. However, as the district court held, the IRS filed no "proof of claim" in this case. Bond, 486 B.R. at 32-33. "Proof of claim" is defined in the Code as a claim filed by a "creditor," 11 U.S.C. § 501, and a creditor (with certain exceptions not applicable here) is the holder of a *pre-petition* claim against the debtor. 11 U.S.C. § 101(10). The tax claims asserted by the government were *administrative-expense* requests that arose post-petition, and it was in response to those requests that the Liquidating Trustee filed his tax refund counterclaim. Because "under the plain meaning of Section 106(b), the Government waives sovereign immunity only with regard to prepetition proofs of claim," Bond, 486 B.R. at 32-33, that section does not support jurisdiction here.

20

genesis of the rule). At least one circuit has held that once all appeals have been exhausted, subject matter jurisdiction cannot generally be challenged in a subsequent collateral action. See United States v. Cook County, 167 F.3d 381, 388 (7th Cir. 1999). But even such a limitation would not help the Liquidating Trustee, because the Final Order of the bankruptcy court and the judgment of the district court remain open to modification and, in such circumstances, the government can raise subject matter jurisdiction, even as an appellee. See Larson v. United States, 274 F.3d 643, 648 (1st Cir. 2001); cf. Roe v. Cheyenne Mountain Conf. Resort, Inc., 124 F.3d 1221, 1227-28 (10th Cir. 1997) (jurisdictional argument may be heard without cross-appeal); Sherman v. Cmty. Consol. Sch. Dist. 21, 980 F.2d 437, 440 (7th Cir. 1992) (same).

Subject matter jurisdiction is a "threshold question that must be resolved . . . before proceeding to the merits." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 88–89 (1998). "The absence of subject matter jurisdiction is non-waivable; before deciding any case we are required to assure ourselves that the case is properly within our subject matter jurisdiction." Consol. Edison Co. of N.Y. v. UGI Utils., 423 F.3d 90, 103 (2d Cir. 2005) (quoting Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001)) (internal quotation marks and brackets omitted).

21

This principle is reinforced when it comes to sovereign immunity because express abrogation is a prerequisite to subject-matter jurisdiction. See Presidential Gardens Assocs. v. United States ex rel. Sec'y of Hous. & Urban Dev., 175 F.3d 132, 139 (2d Cir. 1999). "Where jurisdiction has not been conferred by Congress, no officer of the United States has power to give to any court jurisdiction of a suit against the United States." State of Minnesota v. United States, 305 U.S. 382, 388-89 (1939). "It rests with Congress to determine not only whether the United States may be sued, but in what courts the suit may be brought." Id. at 388. It therefore cannot matter that the government's lawyer stated (at oral argument in this appeal) that by withdrawing its appeal, the government had "let the refund go." Government lawyers lack the power to decide that.

The withdrawal of the government's appeal does not constitute a waiver of a valid jurisdictional defense.

**CONCLUSION**

The judgment of the district court is reversed, and the case is remanded to the district court for entry of an order directing the bankruptcy court to dismiss the Liquidating Trustee's Short Period refund claim against the government.