Brown v. Wells Fargo Bank

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand fifteen.

PRESENT:
> ROSEMARY S. POOLER,
> RAYMOND J. LOHIER, Jr.,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

---

SWINTON BROWN,

> *Plaintiff-Appellant*,

> v.                                                                              14-1846

WELLS FARGO BANK, N.A., TRUSTEE FOR
OPTION ONE MORTGAGE LOAN TRUST
2007-6 ASSET-BACKED CERTIFICATES,
SERIES 2007-6, RICHARD A. GERBINO, ESQ.,
ADAM SPEREGEN, ESQ., STEVEN
SCHLESINGER, ESQ.,

> *Defendants-Appellees*.

---

FOR PLAINTIFF-APPELLANT:                    Swinton Brown, pro se, Bay Shore, N.Y.

**FOR DEFENDANTS-APPELLEES:**   Concepcion A. Montoya, Schuyler B. Kraus, Hinshaw & Culbertson LLP, New York, N.Y., *for Wells Fargo Bank, N.A., Trustee for Option One Mortgage Loan Trust 2007-6 Asset-Backed Certificates, Series 2007-6.*

David P. Case, Fein, Such & Crane, LLP, Rochester, N.Y., *for Richard A. Gerbino and Adam Speregen.*

Seth A. Presser, Jaspan Schlesinger LLP, Garden City, N.Y., *for Steven Schlesinger.*

Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Appellant Swinton Brown appeals from the June 16, 2014, judgment of the United States District Court for the Eastern District of New York dismissing his claims challenging a state court foreclosure judgment against his property. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review a dismissal under the *Rooker-Feldman* doctrine de novo. *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009). A claim is barred under the *Rooker-Feldman* doctrine when a federal-court plaintiff who lost in state court complains of injuries caused by a state-court judgment rendered before the federal proceedings commenced, and invites the district court's

2

review and rejection of that judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Green*, 585 F.3d at 101.

The district court properly found that the *Rooker-Feldman* doctrine applied: (1) Brown is challenging a state foreclosure judgment; (2) the alleged injuries stemmed from that judgment (loss of property based on fraud); (3) Brown sought review and rejection of the state court's foreclosure judgment; and (4) the district court complaint was filed after the state court's judgment. *See e.g., Green*, 585 F.3d at 101. To the extent that Brown requests the federal court to return his property to him because the foreclosure judgment was obtained fraudulently, *Rooker-Feldman* bars his claim. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (determining that *Rooker-Feldman* barred federal court suit that sought to regain title to property based on allegation that foreclosure was obtained fraudulently).

Finally, Brown's challenge that the district court improperly ignored defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) fails; the district court had an obligation to determine subject matter jurisdiction before considering the 12(b)(6) arguments. *See United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) ("Subject matter jurisdiction is a threshold question that must be resolved . . . before proceeding to the merits.") (internal quotation marks omitted, alteration in the original).

We have considered the remainder of Brown's claims and find that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3