*Humphrey v. Syracuse Police Dep't, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand nineteen.

PRESENT:
          ROBERT A. KATZMANN,
                    *Chief Judge*,
          DEBRA ANN LIVINGSTON,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges*.

---

JOHN JAY HUMPHREY,

                    *Plaintiff-Appellant*,

          v.                                              No. 17-3921

SYRACUSE POLICE DEPARTMENT, THE CITY OF
SYRACUSE, NEW YORK,

                    *Defendants-Appellees,*

CITY HALL,

                    *Defendant.*

---

 For Plaintiff-Appellant:                    JOHN JAY HUMPHREY, *pro se*, Syracuse, NY.

For Defendants-Appellees:                    No appearance.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sannes, *J.*; Baxter, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court dismissing the complaint is **AFFIRMED IN PART, VACATED IN PART**, and **REMANDED** with instructions to the district court to dismiss the complaint without prejudice.

Appellant John Jay Humphrey, *pro se*, sued the Syracuse Police Department, Syracuse City Hall, and the City of Syracuse under 42 U.S.C. § 1983 for violating his equal protection rights by allegedly failing to enforce two New York State Vehicle & Traffic Law statutes in poor neighborhoods. The defendants were never served and did not appear. The magistrate judge recommended dismissing the complaint *sua sponte* for failure to state a claim but also concluded that Humphrey's allegations did not establish Article III standing. The district court adopted the Report and Recommendation ("R&R") in its entirety and, pursuant to 28 U.S.C. § 1915(e)(2)(B), *sua sponte* dismissed the claims against the City without prejudice and dismissed the claims against the Police Department and City Hall with prejudice, all for failure to state a claim. The order permitted Humphrey to file a proposed amended complaint, and provided that if Humphrey failed to do so, the complaint would be dismissed with prejudice. Humphrey appealed. Judgment was subsequently entered dismissing the complaint with prejudice. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

The district court adopted the magistrate judge's R&R in its entirety, which included a standing analysis. However, it disregarded the jurisdictional implications of that analysis, reached the merits of Humphrey's claims, and dismissed the complaint for failure to state a claim. Before deciding any case on the merits, a district court must determine that it has subject matter jurisdiction over the matter. *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014). Therefore, for a case to proceed, the party invoking federal jurisdiction must plausibly plead that it has standing to sue. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 55 (2d Cir. 2016). Subject matter jurisdiction is a "threshold question that must be resolved . . . before proceeding to the merits." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1998).

In order to establish standing, a plaintiff must allege that she suffered: (1) "an injury in fact, which is an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) "a causal relationship between the injury and the challenged conduct, establishing that the injury fairly can be traced to the challenged action of the defendant"; and (3) "a likelihood that the injury will be redressed by a favorable decision, such that the prospect of obtaining relief from the injury as a result of a favorable ruling is not too speculative." *MGM Resorts Int'l Global Gaming Dev., LLC v. Malloy*, 861 F.3d 40, 44 (2d Cir. 2017) (citation and internal quotation marks omitted). "Because standing is challenged on the basis of the pleadings, we accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 106 (2d Cir. 2008) (citation and internal quotation marks omitted). "[T]he plaintiff must clearly allege facts demonstrating each element [of standing]." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citation, internal quotation marks, and alterations omitted). We review *de*

3

*novo* a district court's determination that a plaintiff lacks standing to sue. *Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 84–85 (2d Cir. 2014).

In his complaint, Humphrey vaguely alleges that he "suffered pain" by "attempt[ing] to avoid" and "failing to avoid" garbage, illegally parked cars, and potholes in the road in Syracuse's poor neighborhoods. Compl. ¶¶ 16-17. As to the garbage and potholes, Humphrey alleges no facts to show how those hazards were caused by the City's failure to enforce the Vehicle & Traffic Laws in poor neighborhoods—in other words, how his injuries are "fairly traceable" to the City. *Bennett v. Spear*, 520 U.S. 154, 168 (1997). And while the complaint plausibly connects the illegally parked cars to the City's alleged policy, it does not plausibly allege that Humphrey sustained any concrete injury from his attempts to avoid or failure to avoid the cars.[1] Humphrey has failed to allege constitutional standing.

Without standing, the court had no subject matter jurisdiction over the complaint. Dismissal of a complaint for failure to allege standing should be without prejudice because the court lacks subject matter jurisdiction. *Katz v. Donna Karan Co.*, 872 F.3d 114, 121 (2d Cir. 2017). Lacking subject matter jurisdiction, the district court did not have the power to reach the merits and dismiss the claims against the defendants for failure to state a claim, or to eventually dismiss the complaint with prejudice for failure to file a proposed amended complaint. *See Carter,* 822 F.3d at 54–55.

We have considered all of Humphrey's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM IN PART** to the extent that the district court dismissed the

---

[1] The complaint also alleges that the City fails to plow the streets in poor neighborhoods. However, Humphrey alleges only that the failure to plow makes it "difficult as well as dangerous for individuals like the plaintiff to travel on the city streets during the winter months." Compl. ¶ 37. He does not allege that it has caused *him* any concrete, particularized harm.

4

complaint for lack of standing and **VACATE IN PART** to the extent the complaint was dismissed on the merits and with prejudice. We **REMAND** to the district court with instructions that the judgment be amended to enter dismissal without prejudice for lack of subject matter jurisdiction. *John v. Whole Foods Mkt. Grp.*, 858 F.3d 732, 735 (2d Cir. 2017).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
