10-3715-cv
Amperion v. Current Group

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of October, two thousand eleven.

PRESENT:
> AMALYA L. KEARSE,
> PIERRE N. LEVAL,
> DENNY CHIN,
> > <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - - - - -x

AMPERION, INC.,
> <u>Plaintiff-Appellant</u>,

> -v.-                                    10-3715-cv

CURRENT GROUP, LLC, CURRENT COMMUNICATIONS
SERVICES LLC, CURRENT TECHNOLOGIES, LLC,
ONCOR ELECTRIC DELIVERY COMPANY LLC,
> <u>Defendants-Appellees</u>.

- - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:       BLAIR C. FENSTERSTOCK, Fensterstock
                               & Partners LLP, New York, New York.

FOR DEFENDANTS-APPELLEES:      LORI R. MASON (Jonathan Bach,
                               Christopher Campbell, Phillip
                               Morton, on the brief), Cooley LLP,
                               Palo Alto, California.

Plaintiff-appellant Amperion, Inc. ("Amperion") appeals from an order entered August 23, 2010 in the United States District Court for the Southern District of New York (Buchwald, J.), dismissing its complaint as duplicative of and filed subsequent to an action pending in the United States District Court for the District of Massachusetts. Defendants-appellees Current Group, LLC, Current Communications Services, LLC, Current Technologies, LLC (collectively, "Current"), and Oncor Electric Delivery Company LLC ("Oncor") move pursuant to 28 U.S.C. § 1631 to dismiss the appeal for lack of jurisdiction or, alternatively, to transfer it to the United States Court of Appeals for the Federal Circuit. **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the motion to transfer is **GRANTED**.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court may transfer an appeal for lack of jurisdiction to any other court in which the appeal "could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. Under the version of § 1295(a)(1) applicable to this case, the Federal Circuit has "exclusive jurisdiction of an appeal from a final decision of a district court of the United

-2-

States . . . if the jurisdiction of that court was based, in whole or in part, on section 1338 of this title."  28 U.S.C. § 1295(a)(1) (2006).

Section 1338 provides that a district court has "original jurisdiction of any civil action arising under any Act of Congress relating to patents" or "any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the . . . patent . . . laws."  28 U.S.C. § 1338(a)–(b).  An action "'arises under'" patent law if (1) "'federal patent law creates the cause of action'" or (2) "'the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.'"  In re DDAVP Direct Purchaser Antitrust Litig., 585 F.3d 677, 684–85 (2d Cir. 2009) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808–09 (1988)).

Here, the jurisdiction of the district court was based at least in part on § 1338.  Amperion's complaint asserted two counts against Current and Oncor: Count One alleged patent infringement, and Count Two alleged unfair competition and conspiracy.  The complaint alleged that "[t]his case arises out of [Current and Oncor's] wilfull [sic] infringement of Amperion's patents . . . in violation of federal patent law and the laws of unfair competition."  (Compl. ¶ 1).  Amperion argues that because it alleged tortious interference, anticompetitive action, and unlawful monopolization in Count Two, it had pled alternative

theories of relief that did not "'necessarily [depend] on resolution of a substantial question of federal patent law.'" (Appellant Br. In Opp'n to Mot. to Dismiss or Transfer 2 (quoting Christianson, 486 U.S. at 809)). Amperion's argument is doubly flawed.

First, since § 1338 provides two bases for federal jurisdiction over Amperion's action -- i.e., for claims arising under a federal patent law, and for claims joined with a substantial and related patent law claim -- Amperion must show that neither basis is implicated here. Its complaint asserted both types of claims, and Amperion's contention that Count Two does not necessarily depend on federal patent law does not negate the fact that the district court had jurisdiction of Count One, alleging patent infringement, as a claim clearly arising under federal patent law. As pointed out above, the Federal Circuit has exclusive appellate jurisdiction if the jurisdiction of the district court was based on § 1338 "in whole or in part." 28 U.S.C. § 1295(a)(1) (2006). Second, Amperion's allegations under Count Two stemmed solely from Current and Oncor's alleged infringement of Amperion's patents. (Compl. ¶¶ 38-46). Defendants' liability on that count will necessarily turn on whether they infringed Amperion's patents.

Amperion's argument that the issue on appeal is procedural and not substantive, therefore warranting review by this Court, is also unavailing. The Federal Circuit's jurisdiction "depends upon the nature of the case in the district

-4-

court and not upon the issues presented [on appeal] for review." U.S. Philips Corp. v. Windmere Corp., 861 F.2d 695, 701-02 (Fed. Cir. 1988) (internal citation omitted). Further, the Federal Circuit has held that "whether a properly brought declaratory action to determine patent rights should yield to a later-filed suit for patent infringement raises the issue of national uniformity in patent cases, and invokes the special obligation of the Federal Circuit to avoid creating opportunities for dispositive differences among the regional circuits." Genentech, Inc. v. Eli Lilly and Co., 998 F.2d 931, 937 (Fed. Cir. 1993), abrogated in part, on other grounds, by Wilton v. Seven Falls Co., 515 U.S. 277, 289 (1995).

We have considered appellant's other arguments in support of jurisdiction in this Court and have found them to be without merit. Accordingly, appellee's motion to transfer the appeal to the Federal Circuit is **GRANTED**.

                         FOR THE COURT:
                         CATHERINE O'HAGAN WOLFE, CLERK