Landau v. Rheinold

# In the
# United States Court of Appeals
# For the Second Circuit

August Term, 2018

Submitted: February 25, 2019
Decided: May 1, 2019

Docket No. 17-3963

ASHER BARUCH LANDAU, *et al.*,[1]

*Petitioners-Appellees*,

*v.*

BARUCH EISENBERG,

*Respondent-Appellant*,

*v.*

ZVI ARYE RHEINOLD, *et al.*,

*Respondents-Appellees*,

YAKOV BERGER, *et al.*,

*Respondents.*

Appeal from the United States District Court
for the Eastern District of New York
No.15-cv-4811, Amon, *Judge.*

---

[1] For brevity's sake, we have omitted the numerous other parties to this appeal from this caption.

Before: KATZMANN, *Chief Judge*, DRONEY and SULLIVAN, *Circuit Judges*.

Respondent-Appellant Baruch Eisenberg appeals the district court's confirmation of an arbitration award pursuant to 9 U.S.C. § 9 in favor of Petitioners-Appellees Asher Baruch Landau and other individuals. The parties, two groups from the Bobov Hasidic Jewish community in Brooklyn, New York, agreed to arbitrate certain disputes before a rabbinical tribunal. The tribunal ruled that Petitioners-Appellees owned the "Bobov" trademark, and the district court confirmed that decision. We hold that district courts should "look through" a 9 U.S.C. § 4 petition to the underlying controversy to determine whether subject matter jurisdiction exists to confirm the arbitration award pursuant to 9 U.S.C. § 9. We further conclude that the district court properly exercised jurisdiction and confirmed the award.

AFFIRMED.

> ALAN VINEGRAD, David Z. Pinsky, Covington & Burling LLP, New York, NY, *for Petitioners-Appellees*.
>
> BARUCH EISENBERG, pro se, Brooklyn, NY.

PER CURIAM.

In June 2005, two groups from the Bobov Hasidic Jewish community in Brooklyn, New York, agreed to arbitrate certain disputes before a rabbinical tribunal. Petitioners-appellees asserted that "Bobov" was "a trademark within the meaning of section 45 of the Lanham Act . . . because for decades, the word 'Bobov' has been used in commerce to distinguish the goods and services of the Bobov community." Central to the dispute was whether the respondents "had the right to use the name and mark BOBOV for its new Hasidic community." The arbitration agreement provided that a panel consisting of five rabbis would determine, among other things, who would have the right to be referred to as Bobov, and to publish and distribute books and merchandise under that name. The tribunal issued its decision in August 2014, ruling that petitioners owned the mark, were entitled to register it, and that any party could confirm the award in secular court. Petitioners sought confirmation of the arbitration award in district court under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. Of the 613 respondents served, only Baruch Eisenberg filed an opposition. He raised subject matter

2

jurisdiction, venue, and merits-based arguments. The district court held that it had subject matter jurisdiction over the petition, rejected his other arguments, and confirmed the award. Eisenberg appealed.[2]

We hold that the district court properly "looked through" the arbitration petition to the underlying controversy to determine that it had subject matter jurisdiction, and that the district court did not err in confirming the arbitration award.

I.        Subject Matter Jurisdiction

Eisenberg contests whether the district court properly exercised subject matter jurisdiction over this case. "[B]efore deciding any case we are required to assure ourselves that the case is properly within our subject matter jurisdiction." *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014).[3] This Court reviews issues of subject matter jurisdiction, which turn on questions of law, de novo. *Doscher v. Sea Port Group Secs., LLC*, 832 F.3d 372, 374 (2d Cir. 2016). The party asserting subject matter jurisdiction carries the burden of establishing, by a preponderance of the evidence, that jurisdiction exists. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

The FAA is "something of an anomaly in the realm of federal legislation: It bestows no federal jurisdiction but rather requires for access to a federal forum an independent jurisdictional basis over the parties' dispute." *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009). Accordingly, although FAA § 9 provides, in relevant part, that parties to an arbitration agreement may apply for confirmation of an

[2] On appeal, Eisenberg reiterates, in summary fashion, his venue and merits-based arguments. He does not, however, press any substantive arguments, such as explaining why the district court's rulings that venue was proper in district court, or that his merits-based arguments were time-barred, were incorrect. Accordingly, those arguments are waived. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

[3] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

arbitration award in the federal court in the district where the award was made, subject matter jurisdiction does not exist simply because a party wishes to confirm an award.

We have not opined on whether federal subject matter jurisdiction exists over a motion to confirm an arbitration award under FAA § 9. But both the Supreme Court in *Vaden* and this Court in *Doscher* have provided guidance. In *Vaden*, the Supreme Court addressed whether federal subject matter jurisdiction existed over petitions to compel arbitration, pursuant to 9 U.S.C. § 4. It held that "§ 4 of the FAA does not enlarge federal-court jurisdiction," *Vaden*, 556 U.S. at 66, and that district courts should "look through" the petition to the underlying substantive controversy to determine whether the claims arose under federal law, *id.* at 62. Specifically, a district court should "assume the absence of the arbitration agreement and determine whether it would have jurisdiction under title 28 without it." *Id.* at 63. Employing this approach, the Court determined that the controversy consisted of a state court suit for balance due on an account, which was not amenable to federal subject matter jurisdiction. *Id.* at 66.

Seven years later, in *Doscher*, we held that courts should apply *Vaden*'s look-through approach to petitions to vacate and modify arbitration awards under 9 U.S.C. § 10. *See Doscher*, 832 F.3d at 381–89. Although *Doscher* addressed § 10, its logic applies equally to § 9. First, we held that it was not "logically possible" for courts to have subject matter jurisdiction over a dispute for the purpose of § 4 petitions but not "any of the Act's other remedies," given that the Supreme Court held that § 4 did not expand federal jurisdiction. *Id.* at 384. In other words, "how can a federal court's jurisdiction under the *same* jurisdictional statute *differ* between § 4 and all other remedies under the Act?" *See id.* at 383. Second, *Doscher* held that applying the look-through approach to petitions under § 10 was consistent with the FAA's pro-arbitration purpose: "[I]f a federal court would possess federal-question jurisdiction over the dispute when pleaded in a complaint, the federal courts are also able to enforce Congress's

4

narrow and defined remedies in the same controversy." *Id.* at 386. Third, we noted that "there is a certain absurdity to an interpretation that permits parties to file motions to compel arbitration in any case where the underlying dispute raises a federal question but precludes them from seeking the same federal court's aid under the Act's other remedial provisions related to the same dispute." *Id.* at 387.

These justifications apply with equal force to § 9, which contains "substantially identical language to § 10." *Id.* at 379 n.10; *see also Ortiz-Espinosa v. BBVA Secs. of Puerto Rico, Inc.*, 852 F.3d 36, 45–47 (1st Cir. 2017) (relying on *Doscher* and holding that courts should adopt the look-through approach when determining subject matter jurisdiction under § 9 of the FAA). We see no reason to employ a different approach for § 9 than § 10, and so hold that a district court should employ the "look through" approach described in *Doscher* when determining subject matter jurisdiction over petitions to confirm arbitration awards under § 9.

Applying the "look through" approach here, the district court properly determined that it had subject matter jurisdiction to confirm the arbitration award. The substantive controversy underlying the petition involved questions of federal trademark law, over which district courts unquestionably possess subject matter jurisdiction. *See* 28 U.S.C. § 1338. Because the district court would have had jurisdiction over the underlying substantive controversy, it had jurisdiction to confirm the arbitration award pursuant to FAA § 9.

## II. Confirmation of the Award

This Court reviews a district court's decision to confirm an arbitration award de novo on questions of law and for clear error on findings of fact. *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016). "Arbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Rich v. Spartis*, 516 F.3d 75, 81 (2d Cir. 2008).

5

The FAA creates a "strong presumption in favor of enforcing arbitration awards" and courts have an "extremely limited" role in reviewing such awards. *Wall Street Assocs., L.P. v. Becker Paribas Inc.*, 27 F.3d 845, 849 (2d Cir. 1994). In other words, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Landy Michaels Realty Corp. v. Local 32B–32J Serv. Employees Int'l*, 954 F.2d 794, 797 (2d Cir. 1992).

Given this extremely deferential standard of review, the district court did not err in confirming the arbitration award as to the 613 respondents who had been served. The rabbinical tribunal assessed the parties' evidence and arguments over a nine-year period. The district court found no indication that the award was procured "through fraud or dishonesty, or that any other basis for overturning the award exists," and an independent review of the record provides no basis for questioning the award. The district court properly turned aside Eisenberg's non-jurisdictional arguments, found the petition "effectively" unopposed and that no issue of material fact precluded confirmation, and did not err in confirming the award.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.