20-3299
*Hudson Furniture, Inc. v. Lighting Design Wholesalers Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December, two thousand twenty-one.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> AMALYA L. KEARSE,
> EUNICE C. LEE,
> *Circuit Judges*.

———————————————————————

HUDSON FURNITURE, INC., BARLAS BAYLAR,

> *Plaintiffs-Appellees*,

v.                                                        20-3299

LIGHTING DESIGN WHOLESALERS INC., ALAN MIZRAHI, DBA ALAN MIZRAHI LIGHTING,

> *Defendants-Appellants*.

———————————————————————

For Defendants-Appellants:          ROBERT L. GREENER, Law Office of Robert L. Greener, New York, New York.

For Plaintiffs-Appellees:          PATRICK J. HINES (Neil B. Friedman, *on the brief*), Hodgson Russ LLP, New York, New York.

Appeal from an order of the United States District Court for the Southern District of New York (Crotty, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **TRANSFERRED** to the Court of Appeals for the Federal Circuit.

Defendants-Appellants Lighting Design Wholesalers Inc. and Alan Mizrahi, d/b/a Alan Mizrahi Lighting, appeal from a September 1, 2020 order of the United States District Court for the Southern District of New York (Crotty, *J.*), granting in part a preliminary injunction requested by Plaintiffs-Appellees Hudson Furniture, Inc. and Barlas Baylar to enjoin, *inter alia*, Defendants-Appellants' alleged infringement of Plaintiffs-Appellees' copyrights and trademarks. *See Hudson Furniture, Inc. v. Mizrahi*, No. 20-cv-4891, 2020 WL 5202118, at *1, *7 (S.D.N.Y. Sept. 1, 2020). Defendants-Appellants also challenge the district court's denials of their motion to dismiss the action for lack of personal jurisdiction and their motion for reconsideration of its order permitting alternative service of process. Plaintiffs-Appellees in turn ask that this Court dismiss the appeal because the appeal arises from a complaint involving patent law claims and thus falls within the exclusive jurisdiction of the Court of Appeals for the Federal Circuit. For the following reasons, we **TRANSFER** the appeal to the Federal Circuit. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference here only as necessary to explain our decision.

\* \* \*

"This Court reviews issues of subject matter jurisdiction, which turn on questions of law, de novo." *Landau v. Eisenberg*, 922 F.3d 495, 497 (2d Cir. 2019) (per curiam). If we "find[] that there is a want of jurisdiction," we "shall, if it is in the interest of justice, transfer such action

or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631.

Under 28 U.S.C. § 1292(a)(1), we have jurisdiction over appeals from "[i]nterlocutory orders of the district courts of the United States," including orders granting injunctions. *Id.* § 1292(a)(1). However, the Court of Appeals for the Federal Circuit has exclusive jurisdiction of such interlocutory appeals "in any case over which the court would have jurisdiction of an appeal under section 1295." *Id.* § 1292(c)(1). The Federal Circuit's jurisdiction under § 1295 turns in part on whether an action "aris[es] under . . . any Act of Congress relating to patents." *Id.* § 1295(a)(1). An action "arises under" patent law when "a well-pleaded complaint" establishes either that (1) "federal patent law creates the cause of action" or (2) "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims."[1] *In re DDAVP Direct Purchaser Antitrust Litig.*, 585 F.3d 677, 684 (2d Cir. 2009) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809 (1988)).

---

[1] We recognize that when we decided *In re DDAVP*, § 1295 described the Federal Circuit's jurisdiction by reference to another statutory provision that granted district courts original jurisdiction of civil actions "arising under" federal patent law. *See In re DDAVP*, 585 F.3d at 684. In contrast, the current language of § 1295 directly incorporates the "arising under" language to define the Federal Circuit's jurisdiction. *See* 28 U.S.C. § 1295(a)(1).

Nonetheless, we see no reason that the revised language would alter the grounds for Federal Circuit jurisdiction over appeals from district courts. *See, e.g.*, *Raytheon Co. v. Indigo Sys. Corp.*, 895 F.3d 1333, 1339 (Fed. Cir. 2018) (reaffirming that "the path of an appeal is determined by the basis of jurisdiction in the district court" and the nature of the claims below (citation omitted)); *Xitronix Corp. v. KLA-Tencor Corp.*, 916 F.3d 429, 443 (5th Cir. 2019) ("To be sure, § 1295 retains the 'arising under' formulation in common with the [previous statutory provision], and the Supreme Court prefers to construe like text alike."); *Wesley Corp. v. Zoom T.V. Prods.*, 749 F. App'x 449, 450 (6th Cir. 2019) (mem.) ("[T]he updated language of § 1295(a)(1) does not alter reliance on the well-pleaded complaint rule in determining appellate jurisdiction.").

3

Therefore, if the operative complaint "arose in part under the patent laws," the Federal Circuit is given exclusive jurisdiction over an appeal, even when the appeal does not directly involve the patent law claims. *Jacobsen v. Katzer*, 535 F.3d 1373, 1377 (Fed. Cir. 2008) (concluding that the Federal Circuit had jurisdiction over an appeal "concerning copyright law" because the "operative complaint" included patent law claims); *see Raytheon Co. v. Indigo Sys. Corp.*, 895 F.3d 1333, 1339 (Fed. Cir. 2018) (concluding that the Federal Circuit had jurisdiction over "the entire appeal of [a] final judgment even where . . . the patent claims have been dismissed with prejudice"). "The existence of a single claim created by federal patent law is sufficient to trigger the Federal Circuit's exclusive appellate jurisdiction over the entire case; the fact that a complaint also asserts non-patent claims, or that non-patent issues will predominate, is immaterial." *Amity Rubberized Pen Co. v. Mkt. Quest Grp. Inc.*, 793 F.3d 991, 994 (9th Cir. 2015); *see also Amperion, Inc. v. Current Grp., LLC*, 444 F. App'x 477, 479 (2d Cir. 2011) (transferring an appeal in which the complaint asserted patent and non-patent law claims).

Here, the operative complaint included six counts of patent infringement. Compl. ¶¶ 62–97. Moreover, the appeal concerns the district court's ruling on a motion for injunctive relief involving patent law and non-patent law claims. *See Hudson Furniture, Inc.*, 2020 WL 5202118, at *4–7, *7 n.6. Accordingly, federal patent law, in part, "create[d] the cause of action," *In re DDAVP*, 585 F.3d at 685, and the case thus "arises under" patent law pursuant to the first potential basis of Federal Circuit jurisdiction. Defendants-Appellants contend that patent law does not constitute "a substantial part of the overall success of [the] case," Reply Br. at 1, and note that Plaintiffs-Appellees failed in securing preliminary injunctive relief on their patent law claim, Reply Br. at 2. Yet these arguments focus primarily on the second potential basis of the Federal Circuit's "arising under" jurisdiction: whether the "right to relief necessarily depends on resolution

4

of a substantial question of federal patent law," *In re DDAVP*, 585 F.3d at 684 (quoting *Christianson*, 486 U.S. at 809). Even if we agreed that Plaintiffs-Appellees failed to demonstrate the need for transfer pursuant to the second basis for Federal Circuit jurisdiction, the fact that federal patent law in part "create[d] the cause of action" suffices to establish the exclusive jurisdiction of the Federal Circuit. *See, e.g.*, *Raytheon Co.*, 895 F.3d at 1339; *Amperion*, 444 F. App'x at 479. Defendants-Appellants' assertion that Plaintiffs-Appellees "consented to the jurisdiction of this Court" by failing to move to transfer the appeal, Reply Br. at 3, is likewise unavailing. Plaintiffs-Appellees urged that, because of the Federal Circuit's exclusive jurisdiction, this appeal be dismissed for lack of jurisdiction; they argued alternatively that the district court's decisions should be affirmed. But even had the parties unconditionally consented, "we are required to assure ourselves that the case is properly within our subject matter jurisdiction." *Landau*, 922 F.3d at 497 (quoting *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014)).

Having concluded that we lack jurisdiction to consider this appeal, we next consider whether to transfer the appeal or dismiss the appeal altogether, as advocated by Plaintiffs-Appellees. Section 1631 requires a transferor court to consider whether transfer "is in the interest of justice" and whether the "appeal could have been brought [in the transferee court] at the time it was filed or noticed." 28 U.S.C. § 1631. "When considering whether a transfer would serve the interest of justice, we must weigh 'the equities of dismissing a claim when it could be transferred.'" *Ruiz v. Mukasey*, 552 F.3d 269, 276 (2d Cir. 2009) (quoting *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996) (per curiam), *as amended* (Oct. 7, 1996)). "Factors militating for a transfer include a finding that a new action filed by the litigant would be barred as untimely, and a finding that the original action was filed in good faith." *Id.* (quoting *Liriano*, 95

F.3d at 122). "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating." *Hendrickson v. United States*, 791 F.3d 354, 363 (2d Cir. 2015) (quoting *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990)). "However, even when a court does not have *subject matter jurisdiction* over the merits of the appeal, the court may, 'in the interest of justice,' 28 U.S.C. § 1631, decide not to transfer if it concludes that the case is a 'sure loser' on the merits." *Moreno-Bravo v. Gonzales*, 463 F.3d 253, 263 (2d Cir. 2006). Without expressing an opinion on the merits of the case, we conclude that the appeal was timely filed in "good faith," *Ruiz*, 552 F.3d at 276 (citation omitted), and discern no basis for deeming the case a "sure loser," *Moreno-Bravo*, 463 F.3d at 263. We thus elect to transfer the appeal.

\* \* \*

We have considered Defendants-Appellants' remaining arguments in support of jurisdiction in this Court and find them to be without merit. Accordingly, we **TRANSFER** the appeal to the Federal Circuit and leave it to that Court to determine what orders other than the grant of a preliminary injunction may be properly the subject of appeal at this time.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6