20-4037-cv
Naylor v. Valicenti

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand twenty-two.

PRESENT: ROBERT D. SACK,
RAYMOND J. LOHIER, JR.,
WILLIAM J. NARDINI,
*Circuit Judges.*

------------------------------------------------------------------

JEFFREY S. NAYLOR, JOSEPH VALICENTI,

*Petitioners-Appellees,*

v.                                                             No. 20-4037-cv

VINCENT R. VALICENTI, VINCENT R. VALICENTI REVOCABLE TRUST,

*Respondents-Appellants.*

------------------------------------------------------------------

FOR PETITIONERS-APPELLEES:     SCOTT I. UNGER, Stark & Stark, Lawrenceville, NJ

FOR RESPONDENTS-APPELLANTS:     DERRICK A. SPATORICO (Steven A. Lucia, *on the brief*), Pheterson Spatorico LLP, Rochester, NY

Appeal from an order of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Vincent R. Valicenti and the Vincent R. Valicenti Revocable Trust (together, "Appellants") appeal from a November 9, 2020 order of the United States District Court for the Western District of New York (Siragusa, J.) granting a motion by Jeffrey S. Naylor and Joseph Valicenti (together, "Appellees") to confirm an arbitration award under the Federal Arbitration Act.[1] We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"This Court reviews a district court's decision to confirm an arbitration award de novo on questions of law and for clear error on findings of fact."

---

[1] The motion was also brought by Valicenti Advisory Services, Inc., though this entity is not an appellee.

2

*Landau v. Eisenberg*, 922 F.3d 495, 498 (2d Cir. 2019). "Arbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Id.* (quotation marks omitted). In light of the Federal Arbitration Act's "strong presumption in favor of enforcing arbitration awards," district courts should enforce such awards if there is even a "barely colorable justification for the outcome reached." *Id.* (quotation marks omitted).

We begin with the threshold question of whether the parties agreed to arbitrate in the first place. *See* AT & T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 648–49 (1986); *Specht v. Netscape Commc'ns Corp.*, 306 F.3d 17, 26 (2d Cir. 2002). "The determination of whether parties have contractually bound themselves to arbitrate a dispute — a determination involving interpretation of state law — is a legal conclusion [that is] subject to *de novo* review." *Specht*, 306 F.3d at 26. The factual findings on which that determination is based, however, "may not be overturned unless clearly erroneous." *Id.*

Under New York law, which the parties agree applies here, "in determining whether the parties have agreed to arbitrate, we apply the ordinary preponderance of the evidence standard." *Progressive Cas. Ins. Co. v. C.A.*

3

Reaseguradora Nacional de Venezuela, 991 F.2d 42, 46 (2d Cir. 1993). We also "preserve[] general principles of state contract law as rules of decision on whether the parties have entered into an agreement to arbitrate." Id. (quotation marks omitted). Where the parties dispute whether the contract requires arbitration, as they do here, the threshold question is "whether the contract terms are ambiguous." Revson v. Cinque & Cinque, P.C., 221 F.3d 59, 66 (2d Cir. 2000). If the terms are unambiguous, a contract's meaning "is a question of law for the court to decide." Id. If they are ambiguous, however, a court may evaluate extrinsic evidence to determine the agreement's meaning, which then becomes "a question of fact for the factfinder." Id.; see Greenfield v. Philles Records, Inc., 98 N.Y.2d 562, 569 (2002).

Here, the District Court determined that the arbitration clause in question was ambiguous. We agree. The relevant language, in paragraph nine of the parties' mediated settlement agreement, provided that "[a]ny disagreement . . . shall be mediate[sic]/ arbitrated by the mediator upon request of a party." App'x 26. As the District Court reasoned, the slash "could be interpreted as either conjunctive or disjunctive," meaning that the parties' unsuccessful attempts to mediate their post-settlement disputes could be reasonably understood "as either

4

requiring arbitration as the next step in the dispute resolution process[] or dispensing the parties from any further obligation to attempt to resolve the dispute."[2] App'x 148. Having determined that the contract's language was reasonably "capable of more than one meaning," Revson, 221 F.3d at 66 (quotation marks omitted), the District Court held an evidentiary hearing to determine the parties' intent. At the hearing, the mediator testified that he had explained to the parties what the relevant provision meant before they signed the agreement: Per its terms, the parties would first attempt to settle any further disputes through mediation, and failing that, they would submit to arbitration. In light of this testimony, as well as similar testimony from Appellees, the District Court did not clearly err in concluding that the evidence established the parties' clear agreement to arbitrate.

We turn next to the District Court's decision to confirm the arbitration award. "Normally, confirmation of an arbitration award is a summary

---

[2] Appellants argue that the District Court should have applied the common-law rule of contra proferentem to resolve the ambiguity in their favor. See Appellants' Br. at 18. But that rule, under which courts interpret ambiguities "against the drafter of the contract," M. Fortunoff of Westbury Corp. v. Peerless Ins. Co., 432 F.3d 127, 142 (2d Cir. 2005), does not apply here because Appellees — against whom Appellants seek to invoke the rule — did not draft the agreement. Even if the rule applied, "[i]t is familiar law that courts should not resort to contra proferent[em] until after consideration of extrinsic evidence to determine the parties' intent." Id. (quotation marks omitted).

5

proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quotation marks and internal citation omitted). A party seeking to vacate, modify, or correct an award must serve notice "upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. Because the statute provides for no exception to this three-month period, "a party may not raise a motion to vacate, modify, or correct an arbitration award after [that] period has run, even when raised as a defense to a motion to confirm." Florasynth, Inc. v. Pickholz, 750 F.2d 171, 175 (2d Cir. 1984). Here, as the District Court noted, Appellees presented the Court with a "final and binding" award that Appellants did not seek to vacate, modify, or correct within the three-month time limit.[3] App'x 153 (quotation marks omitted). We therefore conclude that the District Court properly granted Appellees' motion to confirm the award.

---

[3] Appellants maintain that the three-month limit did not preclude them from disputing the validity of the parties' agreement to arbitrate. But the District Court never suggested that it did. "To the contrary, the District Court specifically entertained and independently ruled on the issue . . . regarding the existence of a valid and enforceable agreement to arbitrate" before addressing whether Appellants were time-barred from seeking to vacate, modify, or correct the award. Appellees' Br. at 36.

We have considered Appellants' remaining arguments and conclude that they are without merit.  For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court