23-7308-cv
Spliethoff Transp. B.V. v. Phyto-Charter Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand twenty-four.

PRESENT:  RAYMOND J. LOHIER, JR.,
RICHARD J. SULLIVAN,
MARIA ARAÚJO KAHN,
*Circuit Judges*.

------------------------------------------------------------------

SPLIETHOFF TRANSPORT B.V.,

*Petitioner-Appellee*,

v.                                                                 No. 23-7308-cv

PHYTO-CHARTER INC.,

*Respondent-Appellant*.

------------------------------------------------------------------

FOR APPELLANT: Stephean C. Chute, Cape Elizabeth, ME

FOR APPELLEE: Peter Skoufalos, Brown Gavalas & Fromm, LLP, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (J. Paul Oetken, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Respondent-Appellant Phyto-Charter Inc. appeals from a September 18, 2023 judgment of the United States District Court for the Southern District of New York (Oetken, *J.*) granting Petitioner-Appellee Spliethoff Transport B.V.'s motion to confirm a final arbitration award and denying Phyto-Charter's motion to vacate the arbitration award. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"This Court reviews a district court's decision to confirm an arbitration award de novo on questions of law and for clear error on findings of fact." *Landau v. Eisenberg*, 922 F.3d 495, 498 (2d Cir. 2019). "[O]nly a very narrow set of circumstances delineated by statute and case law permit vacatur" of an

arbitration award. *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007) (quotation marks omitted). Section 10(a)(4) of the Federal Arbitration Act (FAA) provides that "an arbitral decision may be vacated where the 'arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.'" *Beijing Shougang Mining Inv. Co. v. Mongolia*, 11 F.4th 144, 161 (2d Cir. 2021) (quoting 9 U.S.C. § 10(a)(4)). A court may overturn an arbitral determination "where an arbitrator act[s] outside the scope of his contractually delegated authority — issuing an award that simply reflect[s] [his] own notions of [economic] justice rather than draw[ing] its essence from the contract." *Id.* (quotation marks omitted). Additionally, we have held that a "court may set aside an arbitration award if it was rendered in manifest disregard of the law." *Schwartz v. Merrill Lynch & Co.*, 665 F.3d 444, 451 (2d Cir. 2011) (quotation marks omitted). Applying the manifest disregard standard, a court should "consider, first, whether the governing law alleged to have been ignored by the arbitrators was well defined, explicit, and clearly applicable, and, second, whether the arbitrator knew about the existence of a clearly governing legal principle but

decided to ignore it or pay no attention to it." *Jock v. Sterling Jewelers Inc.*, 646

F.3d 113, 121 n.1 (2d Cir. 2011) (quotation marks omitted).

On appeal, Phyto-Charter principally argues that the arbitrator exceeded

the scope of this authority and acted in "manifest disregard of the parties[']

choice of law[] clause and selection of venue." Appellant's Br. 23. The argument

is meritless. Upon review of the record on appeal, including the factual findings

and legal conclusions of the District Court and arbitrator, we perceive no error in

the District Court's decision to confirm the final arbitration award. None of the

evidentiary or procedural rulings about which Phyto-Charter complains

deprived it of "fundamental fairness" in the arbitration proceedings, *LJL 33rd St.*

*Assocs., LLC v. Pitcairn Props. Inc.*, 725 F.3d 184, 195 (2d Cir. 2013) (quotation

marks omitted), and we see no reason to conclude that the arbitrator exceeded

his authority. Although Phyto-Charter points to various issues with the

arbitrator's evidentiary rulings to assert that the arbitrator "failed to conduct the

arbitral proceedings in accordance with the Federal Rules of Civil Procedure and

the Federal Rules of Evidence," Appellant's Br. 23, we have made clear that "[i]n

making evidentiary determinations, an arbitrator need not follow all the niceties

4

observed by the federal courts," *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 20 (2d Cir. 1997) (quotation marks omitted); *see LJL*, 725 F.3d at 194.

We have considered Phyto-Charter's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5