24-791-cv
*Flintlock Constr. Servs., LLC v. Arch Specialty Ins. Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February, two thousand twenty-five.

Present:
> MICHAEL H. PARK,
> MYRNA PÉREZ,
> ALISON J. NATHAN,
> *Circuit Judges.*

---

FLINTLOCK CONSTRUCTION SERVICES, LLC,

> *Petitioner-Appellant*,

> v.                                                             24-791-cv

ARCH SPECIALTY INSURANCE COMPANY, CATLIN SPECIALTY INSURANCE COMPANY,

> *Respondents-Appellees.*

---

| | |
|---|---|
| FOR PETITIONER-APPELLANT: | LARRY B. HOLLANDER and Thanbir Ahmed, Hollander Law Group, PLLC, Great Neck, NY. |
| FOR RESPONDENTS-APPELLEES: | ADAM P. FRIEDMAN, Chiesa Shahinian & Giantomasi PC, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Flintlock Construction Services, LLC ("Flintlock") moved to vacate an arbitration award (the "Award") issued in favor of Respondents-Appellees Arch Specialty Insurance Company and Catlin Specialty Insurance Company (the "Insurers"). The Award enforced Flintlock's Settlement Agreement with the Insurers, which entitled the Insurers to a portion of "[a]ny recoveries or damages obtained by Flintlock" in exchange for an upfront payment of $9.2 million in default costs associated with defective concrete on a construction project. *See* App'x at 1019.

A separate arbitration (the "Recovery Action") issued a liability award (the "Interim Award") in favor of Flintlock and its subcontractor, BMNY Contracting Corp. ("BMNY"), against their concrete suppliers. Flintlock, BMNY, and the suppliers entered into a Global Settlement in which the concrete suppliers agreed to pay $8,350,500 to settle claims related to the construction project. Although BMNY had assigned "any and all claims" it had against the concrete suppliers to Flintlock, App'x at 76, the Global Settlement allocated $4,684,845 to BMNY, App'x at 98. In a separate agreement between Flintlock and BMNY, BMNY forfeited this allocation in exchange for $225,000 and the release of unspecified claims. App'x at 110. Flintlock thus recovered a total of $8,125,500.

The Insurers demanded their share of Flintlock's $8,125,500 net gain, which would be $3,925,250 under the "waterfall provision" of their Settlement Agreement. Flintlock argued that it did not owe the Insurers a share of the $4,684,845 allocated to BMNY in the Global Settlement and commenced an arbitration against the Insurers. The American Arbitration Association panel in that proceeding (the "Panel") issued an award in the Insurers' favor, finding that Flintlock had "recover[ed]" $8,125,500 from the Recovery Action. App'x at 1012. The district court denied Flintlock's motion to vacate that award and granted the Insurers' motion to confirm it under either the Federal Arbitration Act ("FAA") or the New York Civil Practice Law and Rules ("CPLR"). Flintlock appealed, arguing that the award should be vacated for exceeding the Panel's powers, being irrational, and violating public policy. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.     **Standard of Review**

This Court "review[s] a district court's decision to confirm or vacate an arbitration award as beyond the arbitrator's powers de novo as to legal issues, and for clear error as to factual findings." *Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co.*, 57 F.4th 372, 378 (2d Cir. 2023).

Judicial review of arbitration awards is highly deferential under the FAA and CPLR.[1] "The FAA creates a strong presumption in favor of enforcing arbitration awards and courts have an extremely limited role in reviewing such awards." *Landau v. Eisenberg*, 922 F.3d 495, 498

---

[1] The parties disagree about whether the CPLR or the FAA governs enforcement of the arbitration award. It is unnecessary to decide which law applies because the schemes yield the same outcome here. *See also Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 589 n.7 (2008) ("The text of the FAA was based upon that of New York's arbitration statute.").

3

(2d Cir. 2019) (quotation marks omitted). "It is well settled that a court may vacate an arbitration award [under the CLPR] only if it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power." *In re Falzone*, 15 N.Y.3d 530, 534 (2010).

Under both the FAA and CPLR, the party seeking to vacate or modify an arbitration award bears a "heavy burden." *In the Matter of Verille v. Jeanette*, 81 N.Y.S.3d 479, 481 (2d Dep't 2018); *see also D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) ("A party moving to vacate an arbitration award has the burden of proof, and the showing required to avoid confirmation is very high.").

## II. Vacatur of the Award

An arbitral award may be vacated "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a); *see also* CPLR § 7511(b)(1).

### 1. The Panel's Authority

Flintlock argues that the Panel "exceeded its powers by partially modifying and/or vacating" the Interim Award, Global Settlement, and Flintlock's agreement with BMNY. Appellant's Br. at 29. The Award noted that BMNY assigned its claims against the concrete

4

suppliers to Flintlock, so the portion of the Global Settlement that Flintlock "allocated" to BMNY and then recouped did not reduce Flintlock's net recovery from the suppliers. *See* App'x at 1009-12 & n.1. Flintlock contends that this analysis "re-wrote" the Interim Award and Global Settlement. We disagree.

Flintlock commenced its arbitration against the Insurers to determine "the proper allocation of the recovery proceeds under the Settlement Agreement." App'x at 1228. That is precisely what the Panel did when it interpreted the terms of the Interim Award and Global Settlement to determine whether Flintlock's allocation to BMNY reduced the "recoveries or damages" it owed to the Insurers under the Settlement Agreement. Mere interpretation of prior awards or settlements does not amount to the "rewriting" of those awards or settlements. The Award does not affect Flintlock's rights and obligations vis-à-vis BMNY or the concrete suppliers, nor did it alter or deny any *res judicata* effects of the Interim Award. The district court thus properly rejected Flintlock's effort to vacate the Award for exceeding the Panel's authority.

2.      Irrationality

Flintlock argues that the Award should be vacated because the Panel "had no reason" to award the Insurers a portion of BMNY's allocation. Appellant's Br. at 43. It also argues that the Award was irrational because it granted the Insurers double recovery. *Id.* at 44-45. Again, we disagree.

First, the Panel had a valid reason to include BMNY's allocation in its calculation of Flintlock's recovery. It explained that any payment to BMNY was "due from [Flintlock,] not the [concrete suppliers]." App'x at 1011. The Panel thus found that the "plain and unambiguous meaning" of "[a]ny recoveries or damages obtained by Flintlock in connection with the Recovery

5

[A]ction" in the Settlement Agreement included the entire amount recovered from the concrete suppliers. *Id.* at 1011-12, 1019. This interpretation is more than enough to furnish the "barely colorable justification . . . necessary to confirm the award." *Smarter Tools Inc.*, 57 F.4th at 378-79; *see also Wien & Malkin LLP v. Helmsley-Spear, Inc.*, 6 N.Y.3d 471, 479 (2006) ("An arbitration award must be upheld [under the CPLR] when the arbitrator offers even a barely colorable justification for the outcome reached." (cleaned up)).

Second, Flintlock's double-recovery argument is unavailing. The Settlement Agreement unambiguously entitles the Insurers to a share of "[a]ny recoveries or damages obtained by Flintlock in connection with the Recovery [A]ction." App'x at 1019. Nothing in the agreement exempted Flintlock's obligations to BMNY from those terms. Flintlock thus agreed to share its recovery from the concrete suppliers, even though it was separately liable to BMNY. There is nothing irrational about enforcing the plain meaning of the Settlement Agreement. *See Lilly v. City of New York*, 934 F.3d 222, 236 (2d Cir. 2019) ("[W]here the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms." (quotation marks omitted)).

3.     Public Policy

Flintlock contends that the Award should be vacated as against public policy because it exceeded the Panel's authority and "violate[d] the attendant public policy concerns of the doctrine of *res judicata*." Appellant's Br. at 42. But this argument fails because we have already rejected Flintlock's contentions about the Panel's authority and *res judicata*.

\*     \*     \*

6

We have considered the remainder of Flintlock's arguments and find them to be without merit.    For the foregoing reasons, we **AFFIRM** the judgment of the district court.


                        FOR THE COURT:
                        Catherine O'Hagan Wolfe, Clerk of Court